# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 fax
rsmith@mnat.com

September 7, 2007

BY E-FILING

The Honorable Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE 19801

      Re: *Cancer Research Technology Ltd. et al. v. Barr Laboratories, Inc. et al.*, C.A. No. 07-457-***

Dear Judge Thynge:

      In anticipation of the Scheduling Conference set for Wednesday, September 12, 2007, at 12:30 p.m., the parties submit the attached proposed Scheduling Order (Ex. A). The areas where the parties have disagreements are set forth in the Proposed Order. Also attached is a chart that sets forth the parties' competing proposals (Ex. B).

      Respectfully,

      */s/ Rodger D. Smith II*

      Rodger D. Smith II (#3778)

cc:    Clerk of the Court (By E-Filing)
       John C. Phillips, Jr., Esquire (By E-Filing)
       Taras A. Gracey, Esquire (By E-Mail)
       Denise L. Loring, Esquire (By E-Mail)

1229467

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANCER RESEARCH <br> TECHNOLOGY LIMITED and <br> SCHERING CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> BARR LABORATORIES, INC., and <br> BARR PHARMACEUTICALS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-457 (***) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SCHEDULING ORDER

This ___ day of _____, 200_, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on **September 12, 2007**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The parties shall make their initial disclosures: pursuant to Federal Rule of Civil Procedure 26(a)(1) on September 14, 2007. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. Plaintiffs propose that all motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **December 12, 2007**. Defendants propose that all motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **May 16, 2008**.

3. <u>Discovery</u>.

  a. <u>Limitation on Hours for Deposition Discovery</u>. Plaintiffs propose that each side b limited to a total of **80** hours of taking testimony by deposition upon oral examination. Defendants propose that each side is limited to a total of **125** hours of taking testimony by deposition upon oral examination.

  b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  c. <u>Discovery Cut Off</u>. Plaintiffs propose that fact discovery in this case shall be initiated so that it will be completed on or before **June 27, 2008**. Defendants propose that fact discovery in this case shall be initiated so that it will be completed on or before **November 14, 2008**. Plaintiffs propose that Expert Discovery in this case shall be completed on or before **September 26, 2008**. Defendants propose that Expert Discovery in this case shall be completed on or before **March 20, 2009**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony</u>.  Plaintiffs propose, for the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 25, 2008**.  Defendants propose, for the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **December 19, 2008**.  Plaintiffs propose that the supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 29, 2008**.  Defendants propose that the supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 30, 2009**.  Defendants also propose that replies to supplemental disclosures to contradict or rebut evidence is due on or before **February 13, 2009**.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    e. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    f. <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior

to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

    Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

    6. <u>ADR Process</u>. To be discussed during the Rule 16 conference.

    7. <u>Interim Status Report</u>. Plaintiffs propose that on **March 12, 2008**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and

the progress of discovery to date. Defendants propose that on **January 12, 2009**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

        8.      <u>Status Conference</u>. Plaintiffs propose that on **March 19, 2008**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **3:00 p.m.** Defendants propose that on **March 12, 2009**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at_:__ **p.m.** Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

        9.      <u>Tutorial Describing the Technology and Matters in Issue</u>. Plaintiffs propose that the parties shall provide the Court by **April 18, 2008**, a tutorial on the technology at issue. Defendants propose that the parties shall provide the Court by **March 26, 2009**, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) days of submission of the

videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>. Plaintiffs propose that all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 24, 2008.** Defendants propose that all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 25, 2009.** Defendants also propose that any opposition to case dispositive motions shall be served and filed on or before **July 16, 2009,** and that any reply to oppositions to case dispositive motions shall be served and filed on or before **July 30, 2009**. Briefing will be presented pursuant to the Court's Local Rules.

11. <u>Claim Construction Issue Identification</u>. Plaintiffs propose that if the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **June 13, 2008**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). Defendants propose exchanging such a claim construction list on **April 16, 2009.** This document will not be filed with the Court. Plaintiffs propose that, subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **June 27, 2008**. Defendants propose that the parties meet and confer to prepare a Joint Claim Construction Chart to be submitted on **April 30, 2009**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted

with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. Plaintiffs propose that the parties shall contemporaneously submit initial briefs on claim construction issues on **October 24, 2008.** Defendants propose that the parties shall contemporaneously submit initial briefs on claim construction issues on **May 14, 2009.** Plaintiffs propose that the parties' answering/responsive briefs shall be contemporaneously submitted on **November 14, 2008**. Defendants propose that the parties' answering/responsive briefs shall be contemporaneously submitted on **June 4, 2009**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13. <u>Hearing on Claim Construction</u>. Plaintiffs propose that beginning at **10:00 a.m. on December __, 2008**, the Court will hear evidence and argument on claim construction and summary judgment. Defendants propose that beginning at **10:00 a.m. on August 20, 2009**, the Court will hear evidence and argument on claim construction and summary judgment.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. Plaintiffs propose that on **March __, 2009**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **10 a.m.** Defendants propose that on **September 17, 2009**, the Court will hold a Final Pretrial Conference in

Chambers with counsel beginning at **10 a.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). Plaintiffs propose that the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **February __, 2009**. Defendants propose that the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **September 11, 2009**.

        16.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

        17.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.   Trial.  Plaintiffs propose that this matter is scheduled for a **10-day bench** trial beginning at 9:00 a.m. on **April __, 2009** with the subsequent trial days beginning at 9:00 a.m.  Defendants propose that this matter is scheduled for a **10-day bench** trial beginning at 9:00 a.m. on **October 5, 2009** with the subsequent trial days beginning at 9:00 a.m.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **25 hours** to present their case.

_____
UNITED STATES MAGISTRATE JUDGE

1229505

-9-

# EXHIBIT B

Schedule Comparison:
Cancer Research Technology Limited & Schering Corporation v.
Barr Laboratories & Barr Pharmaceuticals (C.A. No. 07-457-***)

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Dates |
| --- | --- | --- |
| Amendment of Pleadings | December 12, 2007 | May 16, 2008 |
| Joinder of Additional Parties | December 12, 2007 | May 16, 2008 |
| Interim Status Report | March 12, 2008 | January 12, 2009 |
| Status Conference | March 19, 2008 | March 12, 2009 |
| Tutorial Describing the Technology and Matters in Issue | April 18, 2008 | March 26, 2009 |
| Parties to Exchange of Claim Terms | June 13, 2008 | April 16, 2009 |
| Joint Claim Construction Chart | June 27, 2008 | April 30, 2009 |
| Close of Fact Discovery | June 27, 2008 | November 14, 2008 |
| Expert Reports on Issues on Which Parties Bear the Burden of Proof | July 25, 2008 | December 19, 2008 |
| Rebuttal Expert Reports | August 29, 2008 | January 30, 2009 |
| Reply to Rebuttal Expert Reports | | February 13, 2009 |
| Close of Expert Discovery | September 26, 2008 | March 20, 2009 |
| Case Dispositive Motions | October 24, 2008 | June 25, 2009 |
| Opposition to Dispositive Motions | | July 16, 2009 |
| Reply to Opposition of Dispositive Motions | | July 30, 2009 |
| Initial Claim Construction Briefs | October 24, 2008 | May 14, 2009 |
| Responsive Claim Construction Briefs | November 14, 2008 | June 4, 2009 |
| Hearing on Claim Construction and Summary Judgment | December __, 2008 | August 20, 2009 |
| Joint Proposed Final Pretrial Order | February __, 2009 | September 11, 2009 |
| Final Pretrial Conference | March __, 2009 | September 17, 2009 |
| Parties Ready for Trial | April __, 2009 | October 5, 2009 |

1229513