# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

November 6, 2007

The Honorable Mary Pat Thynge    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:    *Cancer Research Technology, Ltd. et al. v. Barr Laboratories, Inc. et al.*
             C.A. No. 07-457 (\*\*\*)

Dear Judge Thynge:

      We represent plaintiffs Cancer Research Technology ("CRT") and Schering. We submit this letter in advance of the telephone conference scheduled for November 8, 2007 at 3:00 p.m. Although the parties have agreed to most of the terms of a Protective Order, they have been unable to reach agreement on two points. First, the parties have been unable to agree on the limitations on access to confidential information to be imposed on counsel who also have responsibility for prosecution of patent applications. Second, the parties disagree over the protocols that should apply in the event that there is an inadvertent disclosure of privileged information. A copy of the proposed Protective Order showing each party's proposed language is attached as Exhibit A.

      This is a patent infringement action relating to CRT's U.S. Patent No. 5,260,291 ("the '291 patent"). Schering is the exclusive licensee of the '291 patent. The '291 patent is directed to the compound temozolomide and methods of using that compound. Temozolomide is the active ingredient in Schering's TEMODAR® Capsules, which are approved for the treatment of various types of cancer. Barr has filed an Abbreviated New Drug Application ("ANDA") seeking to sell a generic version of TEMODAR® before the expiration of the '291 patent.

**I.     Prosecution Bar**

      All parties agree that outside and in-house attorneys who have access to confidential information should be limited in some manner from prosecuting patent applications. The parties, however, disagree about the scope of the proposed limitations. Plaintiffs believe that these limitations should be as narrowly tailored as necessary to provide adequate safeguards against the misuse of confidential information without placing undue restrictions on counsel's ability to be involved in patent prosecution.

The Honorable Mary Pat Thynge
November 6, 2007
Page 2

Under plaintiffs' proposal, in-house counsel who have access to confidential information would not be "involved in the prosecution of patents relating to temozolomide products and their uses that have been approved by the FDA as of the date of this Protective Order (and their generic equivalents) for a period of two (2) years after the final disposition of this action." Similarly, outside counsel who have access to this information would "not be involved in the prosecution of patent applications relating to temozolomide for a period of two (2) years after the final disposition of this action."

In contrast, Barr proposes to restrict both outside and in-house counsel from being involved in the prosecution of *all* patent applications on behalf of CRT and Schering, *regardless of their subject matter*, for a period of two years after the conclusion of this lawsuit. Barr has argued that this broad limitation on prosecution is necessary to protect certain of its trade secrets.

Plaintiffs believe that their proposal adequately addresses Barr's concerns and strikes the appropriate balance between providing adequate safeguards against the improper use of confidential information and allowing counsel to participate in this lawsuit without unnecessarily interfering with their involvement in other prosecution-related work. Under this proposal, any attorney who has access to confidential information is barred from prosecuting patent applications relating to the currently approved temozolomide products and uses and, therefore, there would be no opportunity for any confidential information to be used, even inadvertently, in the prosecution of patent applications that could cover the use of the approved products for the approved indications.[1] Furthermore, all in-house counsel who have access to confidential information are required to sign an undertaking acknowledging their obligations under the protective order and agreeing to be bound by its terms. Thus, Barr would have adequate protection if counsel were to violate the terms of the protective order.

Barr's proposal is unnecessarily broad and burdensome. It would condition access to confidential information under the protective order on a requirement that counsel forego *all* prosecution regardless of whether that prosecution bears any relation to the subject matter of this lawsuit. It also places unnecessary restrictions on in-house counsel's ability to carry out their responsibilities. There is no good reason to adopt Barr's expansive restrictions on prosecution when there is a less intrusive alternative available.

## II.   Inadvertent Disclosure

With respect to the protocols to be used in the event of an inadvertent disclosure of privileged information, the parties disagree over both the procedures to be used to facilitate

---

[1]   Plaintiffs believe that documents relating to the research and development of new temozolomide products and methods for which the FDA has not yet given approval are not properly subject to discovery in this action. Accordingly, there is no need to include provisions in the Protective Order directed to such products or methods. If, however, this subject matter does become part of discovery, documents relating to this subject matter could be designated as "Outside Counsel Eyes Only."

The Honorable Mary Pat Thynge
November 6, 2007
Page 3

the return of inadvertently produced documents and over which party should bear the burden of challenging a claim of privilege. Plaintiffs' proposal would allow a party that inadvertently produced privileged information to give written notification of such production. Thereafter, the recipient would return all copies of the inadvertently produced information. The recipient could then challenge the claim of privilege, without relying on the fact that the document was inadvertently disclosed or the content of the inadvertently disclosed material.

Barr's proposed protocol for the inadvertent production of privileged information also provides for written notification by the producing party. However, the recipient would not have to return the inadvertently produced information as long as it submits a written explanation for its refusal to do so. Thereafter, the recipient could continue to possess the privileged information and the producing party would have the burden of seeking the return of the inadvertently produced documents.

The purpose of an inadvertent production provision in a protective order is to allow the parties to return to the status quo as if the privileged document had never been produced. Plaintiffs' proposal implements a protocol that accomplishes these goals by requiring the prompt return of the document and preventing the use of any information contained in that document. This is consistent with Fed. R. Civ. P. 26(b)(5)(B), which provides that after being notified of the production of a privileged document, "a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved." Barr's proposal does not seek to return to the status quo. Under Barr's proposal, a party who received the inadvertently produced information may continue to possess and use the privileged information even after it has been recalled. Barr's proposal does not provide any protection for the party that inadvertently produces privileged information. It should be rejected.

Respectfully,

Jack B. Blumenfeld

JBB/dlb
Enclosure
cc:   Clerk of the Court (Via Hand Delivery; w/ encl.)
      John C. Phillips, Jr., Esquire (Via Hand Delivery; w/ encl.)
      Brian E. Farnan, Esquire (Via Hand Delivery; w/ encl.)
      Taras A. Gracey, Esquire (Via Electronic Mail; w/ encl.)
      Jesse J. Jenner, Esquire (Via Electronic Mail; w/ encl.)

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and SCHERING CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 07-457 (***) |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Cancer Research Technology Limited and Schering Corporation and defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively "the Parties"), by and through their undersigned counsel, hereby stipulate and agree that the following Protective Order shall govern the use and handling of materials containing trade secrets and other confidential research, development and commercial information in this action. The Parties further request that the Court enter this Stipulated Protective Order as follows:

IT IS HEREBY AGREED AND ORDERED:

1. <u>Designation Of Confidential Material</u>:  Any person or entity (the "Producing Party") producing to any person or entity (the "Receiving Party") documents, things, information or other materials in this action ("Produced Materials") may designate as "Confidential Material" pursuant to this Order any Produced Material that the Producing Party in good faith considers to be, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential. All such designated material, all copies, excerpts and

summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Material".

    2.    <u>Labeling Of Confidential Material</u>

        a.    The designation of information as Confidential Material for purposes of this Order shall be made in the following manner:

        (1)    with regard to written material (including transcripts of depositions or other testimony), a legend shall be affixed to each page substantially in the form, "Confidential – Subject to Protective Order"; and

        (2)    with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

        b.    Materials described in paragraphs 2(a)(l) and (2) made available by a Producing Party to a Receiving Party for inspection without confidentiality legends shall be deemed to be Confidential Material until labeled copies are provided.

        c.    Any party may designate any or all portions of depositions taken in this action as Confidential Material either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within twenty (20) days of receiving the transcript of the deposition.

        d.    Notwithstanding the obligations to timely designate Confidential Material under the foregoing paragraphs 2(a) – 2(c), the inadvertent or unintentional failure to designate specific Produced Material as Confidential Material, shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon notice from the Producing Party of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Produced

Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Produced Material.

3.  Disclosure And Use of Confidential Material

    a.  Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, and except as provided in subparagraph (c) of this paragraph, Confidential Material shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose. If a party is served with a subpoena, discovery request in another action or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as Confidential Material in this action, such party shall promptly notify the Producing Party.

    b.  Subject to paragraphs 4 to 7 and 10 hereof, Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

        (1)  outside counsel of record for the parties in this action, and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action,

**Plaintiffs' Proposal:**

provided that any outside counsel that receives Confidential Material shall not be involved in the prosecution of patent applications relating to temozolomide for a period of two (2) years after the final disposition of this action.

**Barr's Proposal:**

provided that any outside counsel that receives Confidential Material shall not be involved in the prosecution of patent applications on behalf of any Party for a period of two (2) years after the final disposition of this action.

    (2)    up to three (3) in-house counsel for each party,

**Plaintiffs' Proposal:**

provided that any in-house counsel that receives Confidential Information shall not be involved in the prosecution of patents relating to temozolomide products and their uses that have been approved by the FDA as of the date of this Protective Order (and their generic equivalents) for a period of two (2) years after the final disposition of this action;

**Barr's Proposal:**

provided that any in-house counsel that receives Confidential Information shall not be involved in the prosecution of patents on behalf of any Party for a period of two (2) years after the final disposition of this action;

for plaintiff Cancer Research Technology Ltd., the in-house counsel shall be Robert Amies and Andrew Waldron; for plaintiffs Schering Corporation, the in-

house counsel shall be Henry S. Hadad, Lisa Jakob and Gloria Fuentes; for defendants the in-house counsel shall be Fred Killion, Heidi Kraus and Azeen James.

(3) outside experts and consultants and their staff retained to assist the parties in the conduct of this action;

(4) witnesses or potential witnesses in this action, and their counsel, subject to the provisions of Paragraph 6;

(5) the Court and its employees and the jury;

(6) court reporters, videographers and translators; and

(7) others as to whom the Producing Party has given written consent.

c. This Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of (1) its own Confidential Material, or (2) any documents, things, information or other material that, at the time of disclosure in this action, is publicly known through no unauthorized act of such party or was lawfully developed or obtained independent of discovery in this action.

d. This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraph 3(b)(1) or Paragraph 3(b)(2) from rendering advice to his or her client that is a party to this case with respect to this action, and in the course thereof, from generally relying upon his or her examination of Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

4. <u>Notice And Acknowledgement Of Order</u>

a. Every person to whom Confidential Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

b. Furthermore, the in-house counsel and outside experts/consultants who are qualified recipients under the terms of Paragraph 3(b)(2) and Paragraph 3(b)(3) to whom disclosure of Confidential Material is intended shall confirm their understanding and agreement to abide by the terms of this Order by signing a copy of the acknowledgement attached as Exhibit A.

5. <u>Notification Of Intent To Disclose And Objections</u>

a. Before a party may initially disclose another party's Confidential Material to outside experts/consultants who are qualified recipients under the terms of Paragraph Paragraph 3(b)(3), that party shall, at least five (5) business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose Confidential Material. Such notification shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall also include a copy of the signed acknowledgement made in conformance with Paragraph 4(b) of this Order. With respect to outside experts/consultants listed in Paragraph 3(b)(3), the notification shall further include a current resume or curriculum vitae from the person.

b. The notification and signed acknowledgement shall be delivered by hand, or by facsimile or electronic transmission. Notification to plaintiffs shall be delivered to: Jesse J. Jenner, Denise L. Loring, Christopher J. Harnett, Ropes & Gray LLP, 1211

Avenue of the Americas, New York, NY 10036. Notification to defendants shall be delivered to George C. Lombardi, Taras A. Gracey, Stephanie S. McCallum, Winston & Strawn, LLP, 35 West Wacker Drive, Chicago, IL 60601.

    c.    If a Producing Party receiving a notification of intent to disclose Confidential Material believes in good faith that such disclosure of Confidential Material would be injurious or prejudicial, it may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall include the basis for the objection and shall be delivered in accordance with subparagraph (b) above within five (5) business days of receipt of the notification of intent to disclose to which objection is made. Failure to object within the time period set forth above shall be deemed a consent. Within five (5) business days of receipt of an objection, the parties shall meet and confer to attempt to resolve their dispute. If the objection cannot be resolved by the parties, the party making the objection has five (5) business days to seek relief from the Court. The party making the objection shall have the burden of proof that the intended disclosure should not occur. If an objection is made, the proposed disclosure shall not take place until the objection is resolved by the parties or the Court.

6.    <u>Examination Of Witnesses</u>

    a.    Any current employee or expert witness of a party may be examined at trial or upon deposition concerning any Confidential Material of such party.

    b.    Any other person may be examined as a witness at trial or upon deposition concerning any Confidential Material which that person had lawfully generated, received or which was previously communicated to that witness. During examination or preparation therefor, any such witness may be shown Confidential Material which

appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.

7.      Inadvertent Production Of Privileged Or Confidential Material

**Plaintiffs' Proposal:**

a.      If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the Producing Party or other person otherwise would be entitled.  If a written claim of inadvertent production is made pursuant to this paragraph, with respect to information then in the custody of another party, upon receipt of such written notice, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof of which the receiving party is aware in whatever form these materials exist.  The party returning such material may subsequently move the Court for an Order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production; nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.

**Barr's Proposal:**

a.      Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).  Inadvertent production of

documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

(1) Immediately after receiving written notice from the producing party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery has been inadvertently produced, the receiving party shall not copy or disseminate such documents or information, and, subject to Paragraph 7(a)(2) herein, the receiving party shall return such documents or information and any copies to the producing party within fourteen (14) days.

(2) Upon written notification by the producing party of an inadvertent production and request for return of all originals and copies, the receiving party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within fourteen (14) days of receiving the producing party's written request for return, unless the receiving party has a good faith basis for asserting that the information is not protected by any privilege or immunity. If the receiving party believes it has a good faith basis for challenging the privilege claim, the receiving party need not return such material until ordered to do so by a final order of the District Court. Within fourteen (14) days after receipt of the producing party's request for return, counsel of record for the receiving party shall provide counsel of record for the producing party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information.

In the event that the inadvertently produced documents or information is not returned based upon the receiving party's timely written explanation of the good faith basis for refusing to return those documents or material, the producing party has fourteen (14) days from receipt of the receiving party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information. Failure of the producing party to file such a motion within fourteen (14) days from receipt of the receiving party's written explanation waives any claim of privilege or immunity as to the inadvertently produced documents or information at issue.

(3)     Once an inadvertently produced document or information has been used or asked about during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production.

Notwithstanding any other provision of this Order, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

b.     Inadvertent failure to designate any material which a Producing Party claims should be Confidential Material will not be deemed a waiver of the right to make that designation. That party to whom such inadvertent disclosure is made, shall upon written request by the Producing Party, treat such material as Confidential Material in accordance with this Order. Upon providing such written notice, the Producing Party

shall promptly provide copies of the previously undesignated Confidential Materials that have been labeled in accordance with Paragraph 2 and the Receiving Party who received the previously undesignated Confidential Material shall make all reasonable efforts under the circumstances to destroy all copies of such materials.

8. <u>Obligations of Outside Counsel:</u> It shall be the responsibility of outside counsel, the outside law firms who are counsel of record for the respective parties herein, to ensure strict compliance with the provisions of this Protective Order in their dealings with Confidential Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Confidential Material as provided herein. All persons responsible for determining that materials as provided in Paragraph 1 contain Confidential Material shall be familiar with this Protective Order and the scope of its protection. All Confidential Material including any and all copies thereof shall be kept by the Receiving Party in a place appropriately safe, given its status.

9. <u>Pleadings:</u>

All papers, documents and transcripts containing or revealing the substance of Confidential Material shall be filed in accordance with the procedures for filing under seal set forth the District of Delaware CM/ECF User's Manual. In addition all papers, documents and transcripts containing or revealing the substance of Confidential Material shall be marked "Contains Confidential Material Under Protective Order" on the cover page of each paper, document or transcript.

b.  All such filed Confidential Material shall be maintained by the Clerk under seal.

c.  A second copy of any Confidential material filed with the Clerk may be delivered to a Judicial Officer, if permitted, to bring the Judicial Officer's attention to matters requiring immediate actions.

10.  Conclusion of the Action: Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another party's Confidential Material shall: (a) return all Confidential Material and any copies thereof to the appropriate outside counsel who produced the Confidential Material; or (b) destroy such Confidential Material. Each party shall give written notice of such destruction to outside counsel for the Producing Party. However, trial counsel may retain one copy of all pleadings for archival purposes. Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants designated as provided in Paragraph 3(b)(2) and Paragraph 3(b)(3), derived from or containing Confidential Material, shall after the conclusion of the action, be kept within the files of trial counsel for the party creating such work product, or be destroyed.

11.  Other Proceedings: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated Confidential Material pursuant to this order shall promptly notify the Producing Party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.  Contested Designations: A party shall not be obligated to challenge the propriety of designating any Confidential Material at the time such designation is made, and failure to do

so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as Confidential Material, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, but the party seeking to restrict disclosure of information shall bear the burden of proof that it constitutes Confidential Material. This Protective Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not, in fact Confidential Material. Although Confidential Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue, nothing shall be regarded as Confidential Material protected hereunder if it is demonstrated that such information either:

    a.    is in the public domain at the time of disclosure;

    b.    becomes part of the public domain through no fault of the Requesting Party or third parties who are not in breach of any obligations to the Producing Party;

    c.    is information the Receiving Party can show was in its possession prior to the time of disclosure; or

    d.    is information the Receiving Party receives at a later date from a third party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.

13.    <u>Non-waiver</u>: The production of Produced Materials by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the materials has waived any objection to the production, relevancy or admissibility of said materials. Nothing contained herein shall preclude any party from opposing

any discovery on any basis. Further, nothing in this Order constitutes an admission by any party that any specific item of Confidential Material is a trade secret or otherwise confidential and proprietary to a party.

14. <u>Additional Parties</u>: If an additional party joins or is joined in this action, the newly joined party shall not have access to Confidential Material until the parties agree to a supplemental Protective Order governing the protection of Confidential Material.

15. <u>Third Parties</u>: Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information or other material as Confidential Material under this Protective Order. If it does so, then each party to the action will have with respect to such Confidential Material the same obligations which that party has with respect to Confidential Material of another party to the action.

16. <u>Attendance At Proceedings</u>: If a deposition concerns Confidential Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with paragraphs 3 to 6 hereof to have access to such material.

17. <u>Unauthorized Disclosure</u>: In the event of disclosure of any Confidential Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform outside counsel for the party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

18. <u>Termination Of Access</u>:

    a. In the event that any person or party ceases to be engaged in the conduct of this action, such person's or party's access to Confidential Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 10 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action.

    b. The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

19. <u>Modification</u>: Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

Entered this ___ day of November, 2007.

 

_____
UNITED STATES MAGISTRATE JUDGE

Agreed:

| | |
|---|---|
| _____ | _____ |
| Jack B. Blumenfeld (#1014) | John C. Phillips, Jr. (#110) |
| Rodger D. Smith II (#3778) | Brian E. Faman (#4089) |
| Morris, Nichols, Arsht & Tunnell | Phillips, Goldman & Spence, P.A. |
| 1201 N. Market Street | 1200 North Broom Street |
| Wilmington, DE 19899-1347 | Wilmington, DE 19806 |
| (302) 658-9200 | (302) 655-4200 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
|   *Cancer Research Technology Limited* |   *Barr Laboratories, Inc. and Barr* |
|   *and Schering Corporation* |   *Pharmaceuticals, Inc.* |

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and SCHERING CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-457 (***)<br>)<br>)<br>)<br>)<br>)<br>) |

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he or she has read the foregoing Stipulated Protective Order agreed to by the parties and entered by the Court in this action and agrees to be bound by its terms.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

3447119_2.DOC