# PHILLIPS, GOLDMAN & SPENCE, P. A.

### ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)

JOHN C. PHILLIPS, JR.
STEPHEN W. SPENCE
ROBERT S. GOLDMAN
LISA C. McLAUGHLIN
JAMES P. HALL
JOSEPH J. FARNAN, III
BRIAN E. FARNAN
DAVID A. BILSON*
MELISSA E. CARGNINO

*PENNSYLVANIA BAR ONLY

SUSSEX COUNTY OFFICE
1509 HIGHWAY ONE
DEWEY BEACH, DE 19971
(302) 226-4200
(302) 226-1205 (F)

REPLY TO: _____

November 7, 2007

The Honorable Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100
Wilmington, DE 19801

**Re:  Cancer Research Technology and Schering Corp. v. Barr
Laboratories, Inc. and Barr Pharmaceuticals, Inc., C.A. No. 07-457(***)**

Dear Judge Thynge:

My firm, along with Winston & Strawn LLP, represents Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Barr"), in the above-captioned litigation. On behalf of Barr, we write in response to the parties' inability to agree to all of the terms of the proposed protective order. A telephone conference with the Court is scheduled for Thursday, November 8, 2007, at 3:00 p.m. EST to discuss this matter.

Barr's proposed protective order (attached hereto)  contains a two-tiered classification of discovery material subject to the protective order: Confidential and Highly Confidential Material. Barr is using a form of a protective order that is virtually identical to the protective order entered by Judge Kent A. Jordan and enforced by Judge Sue L. Robinson during *In re '318 Patent Infringement Litigation*, Civil Action No. 05-356 (SLR). The Confidential Material designation encompasses material the disclosing party would not disclose to the public in the normal course of business. The Highly Confidential designation encompasses material that contains or discloses information relating to, referencing, or pertaining to proprietary information that could do harm to the designating party's business advantage or otherwise contains or discloses information relating to, referencing, or pertaining to a trade secret or other confidential research and/or development information. Barr believes this two-tiered designation

The Honorable May Pat Thynge
November 7, 2007
Page 2

system will effectively protect the parties' proprietary material during the course of discovery and trial.

The parties disagree as to whether the protective order should limit disclosure of highly confidential information to counsel, including both outside and in-house counsel, who prosecute patents relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents). As the Court can see, this restriction is not open-ended, but is limited in scope. In light of the extensive proprietary information in the parties' documents, Barr contends that limiting the disclosure of such highly confidential information would protect the parties' proprietary information while allowing the discovery of relevant, non-privileged material.

Additionally, Barr's proposed protective order contains a provision governing inadvertently produced documents. Again, this provision was included in protective order entered by Judge Kent A. Jordan and enforced by Judge Sue L. Robinson and the parties found that this provision proved to be effective in resolving discovery disputes relating to inadvertent disclosure in an equitable, expedient, and efficient manner.

We look forward to speaking with Your Honor regarding these matters on November 8. Thank you for your consideration.

Respectfully submitted,

/s/John C. Phillips, Jr.

John C. Phillips, Jr.

cc:     Counsel of Record (via e-mail)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and SCHERING CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 07-457 (***) |

### STIPULATED PROTECTIVE ORDER

Plaintiffs Cancer Research Technology Limited and Schering Corporation and defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively "the Parties"), by and through their undersigned counsel, hereby stipulate and agree that the following Protective Order shall govern the use and handling of materials containing trade secrets and other confidential research, development and commercial information in this action. The Parties further request that the Court enter this Stipulated Protective Order as follows:

IT IS HEREBY AGREED AND ORDERED:

1.  <u>Confidentiality Designations (Two-Tier)</u>

    a.  Each party and any non-party shall have the right to designate as confidential and subject to this Protective Order any Confidential Discovery Material that is entitled to protection under Federal Rule of Civil Procedure 26(c)(7), by marking such Material as either "Confidential" or "Highly Confidential" Material. It shall be the duty of the party or non-party who seeks to invoke protection under this Protective Order to give notice, as set forth below, of the Confidential Discovery Material designed to be

1

covered by this protective Order ("Designated [Confidential or Highly Confidential] Material"). The duty of the parties and of all other persons bound by this Protective Order to maintain the confidentiality of Confidential Discovery Material so designated shall commence with such notice.

b.  Each party and all other persons bound by the terms of this Protective Order shall use any material designated as Confidential or Highly Confidential by a party or non-party other than itself only for the purpose of this Litigation, and shall not use any Designated Confidential or Highly Confidential Material governed by this Protective Order for any other purpose. The attorneys of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

2.    <u>Designation Of Confidential Material</u>:    Under this Protective Order, Confidential Discovery Material shall be marked Confidential if, and only if, the disclosing party would not disclose the Material to the public in the normal course of business.

a.  Confidential Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from Confidential Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such Confidential Material; (c) portions of briefs, memoranda, or any writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such Confidential Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such Confidential Material; and (e) deposition testimony designated as "Confidential" in accordance with the terms of this Protective Order.

2

3.    <u>Designation of Highly Confidential Material</u>:  Under this Protective Order, Confidential Discovery Materials can be designated as "Highly Confidential" Material if, and only if, that Confidential Discovery Material is "Confidential" as set forth in Paragraph 2 above and contains or discloses information relating to, referencing, or pertaining to proprietary information that could do harm to the designating party's business advantage (*e.g.* business plans, marketing plans, production capacity, launch information, customer lists, and technical information), or otherwise contains or discloses information relating to, referencing, or pertaining to a trade secret or other confidential research and/or development information.

a.  Highly Confidential Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from Highly Confidential Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such Highly Confidential material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such Highly Confidential Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such Highly Confidential Material; and (e) deposition testimony designated in accordance with the paragraphs below.

4.    <u>Labeling Of Confidential And/Or Highly Confidential Material</u>

a.    The designation of information as Confidential and/or Highly Confidential Material for purposes of this Order shall be made in the following manner:

(1)    with regard to written material (including transcripts of depositions or other testimony), a legend shall be affixed to each page substantially in the form, "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order"; and

3

(2)    with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

b.    Materials described in paragraphs 2(a)(l) and (2) made available by a Producing Party to a Receiving Party for inspection without confidentiality legends shall be deemed to be Confidential and/or Highly Confidential Material until labeled copies are provided.

c.    Any party may designate any or all portions of depositions taken in this action as Confidential and/or Highly Confidential Material either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within twenty (20) days of receiving the transcript of the deposition.

d.    Notwithstanding the obligations to timely designate Confidential and/or High Confidential Material under the foregoing paragraphs 2(a) – 2(c), the inadvertent or unintentional failure to designate specific Produced Material as Confidential and/or Highly Confidential Material, shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon notice from the Producing Party of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Produced Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Produced Material.

5.    Disclosure And Use of Confidential and/or Highly Confidential Material

a.    Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, and except as provided in subparagraph (c) of this paragraph, Confidential and/or Highly Confidential Material shall be used solely for purposes of

4

this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose. If a party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as Confidential and/or Highly Confidential Material in this action, such party shall notify promptly the Producing Party.

b.      Subject to the above paragraphs, Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order only to the following persons:

(1)      outside counsel of record for the parties in this action, and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action, so long as such counsel has executed a copy of Confidential Undertaking attached hereto;

(2)      up to three (3) in-house counsel for each party, so long as such in-house counsel has executed a copy of Confidential Undertaking attached hereto. For plaintiff Cancer Research Technology Ltd., the in-house counsel shall be Robert Amies and Andrew Waldron; for plaintiffs Schering Corporation, the in-house counsel shall be Henry S. Hadad, Lisa Jakob and Gloria Fuentes; for defendants the in-house counsel shall be Fred Killion and Azeen James;

(3)      outside experts and consultants and their staff retained to assist the parties in the conduct of this action, so long as such person has executed a copy of Confidential Undertaking attached hereto;

(4)      witnesses or potential witnesses in this action, and their counsel, so long as such person has executed a copy of a Confidential Undertaking attached hereto;

(5)      the Court and its employees and the jury;

(6)     court reporters, videographers and translators; and

(7)     others as to whom the Producing Party has given written consent.

c.     Subject to the above paragraphs, Highly Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(1)     outside counsel of record for the parties in this action, and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action, so long as such person has executed a copy of a Highly Confidential Undertaking attached hereto, and such counsel is not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents);

(2)     up to three (3) in-house counsel for each party, so long as such person has executed a copy of a Highly Confidential Undertaking attached hereto, and so long as such in-house counsel is not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents); for plaintiff Cancer Research Technology Ltd., the in-house counsel shall be _____; for plaintiffs Schering Corporation, the in-house counsel shall be _____; for defendants the in-house counsel shall be Fred Killion and Azeen James;

(3)     outside experts and consultants and their staff retained to assist the parties in the conduct of this action, so long as such person has executed a copy of a Highly

6

Confidential Undertaking attached hereto, and such experts and consultants do not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents);

(4)    witnesses or potential witnesses in this action, and their counsel, so long as such person has executed a copy of a Highly Confidential Undertaking attached hereto, and so long as any such person is not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents);

(5)    the Court and its employees and the jury;

(6)    court reporters, videographers and translators; and

(7)    others as to whom the Producing Party has given written consent.

d.    This Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of (1) its own Confidential and/or Highly Confidential Material, or (2) any documents, things, information or other material that, at the time of disclosure in this action, is publicly known through no unauthorized act of such party or was lawfully developed or obtained independent of discovery in this action. Moreover, this order shall not apply to and does not restrict any individual from reviewing or seeing any document authored by that individual.

e.    This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraph 5(b) or Paragraph 5(b) from rendering advice to his or her client that is a party to this case with respect to this action, and in the course thereof, from generally relying

upon his or her examination of Confidential and/or Highly Confidential Material.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential and/or Highly Confidential Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

6.      Notice And Acknowledgement Of Order

        a.      Every person to whom Confidential and/or Highly Confidential Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

        b.      Furthermore, regarding those qualified recipients under the terms of Paragraph 5(b) and Paragraph 5(c) to whom disclosure of Confidential and/or Highly Confidential Material is sought, that counsel shall give notice as follows: Counsel for the non-designating party seeking to make the disclosure shall provide written notice (by facsimile followed by a copy sent the same day by e-mail) to counsel for the designating party or non-party, and all other parties to this Litigation, of the name, address, business affiliation and curriculum vitae of the person(s) to whom the Designed Confidential or Highly Confidential Material is to be disclosed, as well as an executed copy of the Confidential Undertaking or Highly Confidential Undertaking attached hereto.  Counsel for the non-designating party need not specifically identify the Designated Confidential or Highly Confidential Material intended to be disclosed.

        c.      The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or nonparty expires, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing (by facsimile followed by a copy

sent the same day by e-mail) to the counsel for the party seeking to make the disclosure, and all other parties to this litigation.

d.      If the parties or party and non-party are unable to resolve the objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Material as Confidential or Highly Confidential to the person or persons in question, the designating party or non-party must file a motion with the Court (and serve such motion on all parties to this Litigation) seeking a protective order to prevent the disclosure of such material to such persons. Such motion must be filed with the Court within fifteen (15) business days of receiving the initial notification, unless agreed otherwise, in writing, between or among the counsel involved. The burden of demonstrating good cause for the requested relief shall lie with the objecting party or non-party (*i.e.* the designating party or non-party). A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

7.      <u>Notification Of Intent To Disclose And Objections</u>

a.      Before a party may initially disclose another party's Confidential and/or Highly Confidential Material to outside experts/consultants who are qualified recipients under the terms of Paragraphs 5(b) and 5(c) that party shall, at least five (5) business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose Confidential and/or Highly Confidential Material. Such notification shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall also include a copy of the signed acknowledgement made in conformance with Paragraph 4(b) of this Order. With respect to outside experts/consultants

9

listed in Paragraphs 5(b) and 5(c), the notification shall further include a current resume or curriculum vitae from the person.

      b.     The notification and signed acknowledgement shall be delivered by hand, or by facsimile or electronic transmission. Notification to plaintiffs shall be delivered to: Jesse J. Jenner, Denise L. Loring, Christopher J. Harnett, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036. Notification to defendants shall be delivered to George C. Lombardi, Taras A. Gracey, Stephanie S. McCallum, Winston & Strawn, LLP, 35 West Wacker Drive, Chicago, IL 60601.

      c.     If a Producing Party receiving a notification of intent to disclose Confidential and/or Highly Confidential Material believes in good faith that such disclosure of Confidential and/or Highly Confidential Material would be injurious or prejudicial, it may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall include the basis for the objection and shall be delivered in accordance with subparagraph (b) above within five (5) business days of receipt of the notification of intent to disclose to which objection is made. Failure to object within the time period set forth above shall be deemed a consent. Within five (5) business days of receipt of an objection, the parties shall meet and confer to attempt to resolve their dispute. If the objection cannot be resolved by the parties, the party making the objection has five (5) business days to seek relief from the Court. The party making the objection shall have the burden of proof that the intended disclosure should not occur. If an objection is made, the proposed disclosure shall not take place until the objection is resolved by the parties or the Court.

8.     <u>Examination Of Witnesses</u>

      a.     Any current employee or expert witness of a party may be examined at trial or upon deposition concerning any Confidential and/or Highly Confidential Material of such party.

b.    Any other person may be examined as a witness at trial or upon deposition concerning any Confidential and/or Highly Confidential Material which that person had lawfully generated, received or which was previously communicated to that witness. During examination or preparation therefor, any such witness may be shown Confidential and/or Highly Confidential Material which appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.

9.    <u>Inadvertent Production Of Privileged Material:</u> Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

a.    Immediately after receiving written notice from the Producing Party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery has been inadvertently produced, the Receiving Party shall not copy or disseminate such documents or information, and subject to paragraph 9(b) herein, the Receiving Party shall return such documents or information and any copies to the Producing Party within fourteen (14) days.

b.    Upon written notification by the Producing Party of an inadvertent production and request for return of all originals and copies, the Receiving Party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within fourteen (14) days of receiving the producing party's written request for return, unless the Receiving Party has a good faith basis for asserting that the information is not protected by any privilege or immunity. If the Receiving Party believes it has a good faith basis for challenging the privilege claim, the

Receiving Party need not return such material until ordered to do so by a final order of the District Court. Within fourteen (14) days after receipt of the producing party's request for return, counsel of record for the Receiving Party shall provide counsel of record for the Producing Party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information. In the event that the inadvertently produced documents or information is not returned based upon the Receiving Party's timely written explanation of the good faith basis for refusing to return those documents or material, the Producing Party has fourteen (14) days from receipt of the Receiving Party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information. Failure of the Producing Party to file such a motion within fourteen (14) days from receipt of the Receiving Party's written explanation waives any claim of privilege or immunity as to the inadvertently produced documents or information at issue.

c.    Once an inadvertently produced document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the Producing Party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

10.    Obligations of Outside Counsel:  It shall be the responsibility of outside counsel, the outside law firms who are counsel of record for the respective parties herein, to ensure strict compliance with the provisions of this Protective Order in their dealings with Confidential and/or Highly Confidential Material, and it shall be the responsibility of outside counsel to take reasonable and proper

steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Confidential and/or Highly Confidential Material as provided herein. All persons responsible for determining that materials as provided in Paragraph 1 contain Confidential and/or Highly Confidential Material shall be familiar with this Protective Order and the scope of its protection. All Confidential and/or Highly Confidential Material including any and all copies thereof shall be kept by the Receiving Party in a place appropriately safe, given its status.

11.  Pleadings:

All papers, documents and transcripts containing or revealing the substance of Confidential and/or Highly Confidential Material shall be filed in accordance with the procedures for filing under seal set forth the District of Delaware CM/ECF User's Manual. In addition all papers, documents and transcripts containing or revealing the substance of Confidential Material shall be marked "Contains Confidential Material Under Protective Order" or "Contains Highly Confidential Material Under Protective Order" on the cover page of each paper, document or transcript.

a.  All such filed Confidential and/or Highly Confidential Material shall be maintained by the Clerk under seal.

b.  A second copy of any Confidential and/or Highly Confidential material filed with the Clerk may be delivered to a Judicial Officer, if permitted, to bring the Judicial Officer's attention to matters requiring immediate actions.

12.  Conclusion of the Action:  Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another party's Confidential and/or Highly Confidential Material shall: (a) return all Confidential and Highly Confidential Material and any copies

thereof to the appropriate outside counsel who produced the Confidential and Highly Confidential Material; or (b) destroy such Confidential and Highly Confidential Material. Each party shall give written notice of such destruction to outside counsel for the Producing Party. However, trial counsel may retain one copy of all pleadings for archival purposes. Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants designated as provided in Paragraph 5(b) and Paragraph 5(c), derived from or containing Confidential and Highly Confidential Material, shall after the conclusion of the action, be kept within the files of trial counsel for the party creating such work product, or be destroyed.

13.    Other Proceedings:  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated Confidential and Highly Confidential Material pursuant to this order shall promptly notify the Producing Party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

14.    Contested Designations:  A party shall not be obligated to challenge the propriety of designating any Confidential and Highly Confidential Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as Confidential and Highly Confidential Material, the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, but the party seeking to restrict disclosure of information shall bear the burden of proof that it constitutes Confidential and Highly Confidential Material.  This Protective Order shall be without prejudice to any party to bring before the Court at any time the question of whether any

particular information is or is not, in fact Confidential Material. Although Confidential and Highly Confidential Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue, nothing shall be regarded as Confidential and Highly Confidential Material protected hereunder if it is demonstrated that such information either:

      a.    is in the public domain at the time of disclosure;

      b.    becomes part of the public domain through no fault of the Requesting Party or third parties who are not in breach of any obligations to the Producing Party;

      c.    is information the Receiving Party can show was in its possession prior to the time of disclosure; or

      d.    is information the Receiving Party receives at a later date from a third party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.

15.    <u>Non-waiver</u>: The production of Produced Materials by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the materials has waived any objection to the production, relevancy or admissibility of said materials. Nothing contained herein shall preclude any party from opposing any discovery on any basis. Further, nothing in this Order constitutes an admission by any party that any specific item of Confidential and/or Highly Confidential Material is a trade secret or otherwise confidential and proprietary to a party.

16.    <u>Additional Parties</u>: If an additional party joins or is joined in this action, the newly joined party shall not have access to Confidential and Highly Confidential Material until the parties agree to a supplemental Protective Order governing the protection of Confidential and Highly Confidential Material.

17.   Third Parties: Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information or other material as Confidential and Highly Confidential Material under this Protective Order.  If it does so, then each party to the action will have with respect to such Confidential and Highly Confidential Material the same obligations which that party has with respect to Confidential and Highly Confidential Material of another party to the action.

18.   Attendance At Proceedings:   If a deposition concerns Confidential and Highly Confidential Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with paragraph 5 hereof to have access to such material.

19.   Unauthorized Disclosure:  In the event of disclosure of any Confidential and Highly Confidential Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform outside counsel for the party whose Confidential and Highly Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.   The responsible party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made.  Each party shall cooperate in good faith in that effort.

20.   Termination Of Access:

a.     In the event that any person or party ceases to be engaged in the conduct of this action, such person's or party's access to Confidential and Highly Confidential Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 10 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action.

b.      The provisions of this Order shall remain in full force and effect as to any person

or party who previously had access to Confidential and Highly Confidential Material, except as

may be specifically ordered by the Court or consented to by the Producing Party.

21.    <u>Modification</u>:  Stipulations may be made, between Counsel for the respective parties, as

to the application of this Order to specific situations, provided that such stipulations are recorded in

writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any

party from seeking an order of the Court modifying or supplementing

this Order.

Entered this __ day of November, 2007.


_____

UNITED STATES MAGISTRATE JUDGE



Agreed:


_____          _____
Jack B. Blumenfeld (#1014)                 John C. Phillips, Jr. (#110)
Rodger D. Smith II (#3778)                 Brian E. Farnan (#4089)
Morris, Nichols, Arsht & Tunnell           Phillips, Goldman & Spence, P.A.
1201 N. Market Street                       1200 North Broom Street
Wilmington, DE 19899-1347                   Wilmington, DE  19806
(302) 658-9200                              (302) 655-4200

*Attorneys for Plaintiffs*                  *Attorneys for Defendants*
  *Cancer Research Technology Limited*        *Barr Laboratories, Inc. and Barr*
  *and Schering Corporation*                  *Pharmaceuticals, Inc.*

**EXHIBIT A**

|  | ) |  |
| --- | --- | --- |
| CANCER RESEARCH | ) |  |
| TECHNOLOGY LIMITED and | ) |  |
| SCHERING CORPORATION, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 07-457 (***) |
|  | ) |  |
| BARR LABORATORIES, INC., and | ) |  |
| BARR PHARMACEUTICALS, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## CONFIDENTIAL UNDERTAKING

I, _____, being duly sworn, state that:

(a) My present residential address is _____

_____.

(b)  My present employer is _____

and the address of my present employer is _____

_____.

(c) My present occupation or job description is _____

_____.

(d)    I have received and carefully read the Stipulated Protective Order in the above-captioned case, entered by the Court on _____, 2007.  I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms.    Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200__.
Notary Public
My Commission Expires _____

**EXHIBIT B**

CANCER RESEARCH
TECHNOLOGY LIMITED and
SCHERING CORPORATION,

        Plaintiffs,

        v.

BARR LABORATORIES, INC., and
BARR PHARMACEUTICALS, INC.,

        Defendants.

Civil Action No. 07-457 (***)

## HIGHLY CONFIDENTIAL UNDERTAKING

I, _____, being duly sworn, state that:

    (a) My present residential address is _____

_____.

    (b)  My present employer is _____

and the address of my present employer is _____

_____.

    (c) My present occupation or job description is _____

_____.

    (d) I certify that I am not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents);

    (e) I have received and carefully read the Stipulated Protective Order in the above-captioned case, entered by the Court on _____, 2007.  I certify that I understand the terms of that Protective Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms.  Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200__.
Notary Public
My Commission Expires _____