# PHILLIPS, GOLDMAN & SPENCE, P. A.

JOHN C. PHILLIPS, JR.
STEPHEN W. SPENCE
ROBERT S. GOLDMAN
LISA C. McLAUGHLIN
JAMES P. HALL
JOSEPH J. FARNAN, III
BRIAN E. FARNAN
DAVID A. BILSON*
MELISSA E. CARGNINO

*PENNSYLVANIA BAR ONLY

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)

SUSSEX COUNTY OFFICE
1509 HIGHWAY ONE
DEWEY BEACH, DE 19971
(302) 226-4200
(302) 226-1205 (F)

REPLY TO: _____

November 7, 2007

**VIA E-FILING**
The Honorable Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100
Wilmington, DE 19801

      Re:    Cancer Research Technology and Schering Corp. v. Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc., C.A. No. 07-457 (***)

Dear Judge Thynge:

      My firm, along with Winston & Strawn LLP, represents Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively, "Barr"), in the above-captioned litigation. We write in response to a letter sent to you today from Plaintiffs' counsel regarding Barr's proposed protective order. Quite frankly, we are surprised by Plaintiffs' latest letter.

      First, neither Plaintiffs nor its counsel were authorized by Barr to submit a draft protective order that purported to set forth Barr's proposed protective order. Second, the protective order that Plaintiffs submitted did not accurately reflect Barr's position regarding significant portions of the protective order, and it is inaccurate for Plaintiffs to suggest otherwise. Third, contrary to Plaintiffs' assertion, Barr did follow the Court's instruction and highlighted the key distinctions between the parties' positions on the protective orders. Most importantly, however, each of the provisions contained in the protective order submitted by Barr was discussed with Plaintiffs' counsel over the last several weeks, including utilization of a two-tiered protective order to protect the parties' confidential and proprietary information, who could see highly confidential or confidential information, and how inadvertently produced documents would be treated. For Plaintiffs' counsel to suggest that somehow they are prejudiced by Barr submitting a protective order that contained the provisions that had been discussed (but to which an agreement had not been met) is curious at best. Barr does not feel, therefore, that any continuance of tomorrow's hearing is necessary.

The Honorable Mary Pat Thynge
November 7, 2007
Page 2

      Nevertheless, in the spirit of cooperation and in hope that the parties can reach agreement, Barr is willing to agree to a continuance of the hearing to a time of the Court's choosing, and to further discuss these matters with counsel for Plaintiffs.

      We look forward to speaking with you regarding these matters and are available at the convenience of the Court.

      Respectfully submitted,

      /s/ John C. Phillips, Jr.

      John C. Phillips, Jr.

cc:    Counsel of Record (via e-mail)