# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

November 12, 2007

The Honorable Mary Pat Thynge                                VIA ELECTRONIC FILING
United States District Court
   For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:   *Cancer Research Technology, Ltd. et al. v. Barr Laboratories, Inc. et al.*
            C.A. No. 07-457 (\*\*\*)

Dear Judge Thynge:

        I write on behalf of plaintiffs in response to the November 7 letters submitted by defendants (collectively "Barr") relating to the dispute between the parties about the terms of a protective order. That dispute will be heard during a call at 4:00 tomorrow afternoon.

        Barr's first letter purported to respond to plaintiffs' November 6, 2007 letter to Your Honor submitting the draft protective order that had been the subject of discussions between the parties for more than three weeks and outlining the parties' disagreements over two of the terms. Rather than address that protective order, however, Barr submitted a *new* protective order that included provisions that Barr had never raised with plaintiffs during the course of their discussions. The statement in Barr's second letter that "each of the provisions contained in the protective order submitted by Barr was discussed with Plaintiffs' counsel over the last several weeks" is simply incorrect. The first time Barr provided plaintiffs with the proposed language in its new protective order was in an email on November 7 – the day *after* plaintiffs submitted their letter to Your Honor.

        In order to address Barr's concern that persons having access to its confidential information should not use that information when prosecuting patent applications, plaintiffs proposed a protective order that includes a single level of confidential information and that restricts persons with access to confidential information from prosecuting patent applications relating to temozolomide products that had been approved by the FDA and their generic equivalents (the subject matter of this litigation) for a period until two years after the conclusion of this lawsuit. In contrast, Barr's new protective order proposes an overly expansive definition of "Highly Confidential" Material, and seeks a broad limitation on the prosecution activities of

The Honorable Mary Pat Thynge
November 12, 2007
Page 2

both outside and in-house counsel. These provisions place undue restrictions on counsel without offering any additional protection over the provisions proposed by plaintiffs.

Barr's definition of "Highly Confidential" Material includes, among other things, "proprietary information that could do harm to the designating party's business advantage (*e.g.* business plans, marketing plans, production capacity, launch information, customer lists, and technical information). . . ." This broad definition includes virtually every document that falls within Barr's proposed definition of "Confidential" Material and therefore defeats the purpose of having a two-tiered protective order. Most of the documents that would fall within Barr's proposed definition of "Highly Confidential" Material are non-technical documents that have no relevance to the prosecution of patent applications. Barr has provided no explanation why access to marketing plans, launch information and the like should be conditioned upon counsel restricting their patent prosecution activities.

Barr's proposed restriction on prosecution encompasses subject matter that has no relevance to this lawsuit and is, therefore, overly broad. As explained in plaintiffs' November 6, 2007 letter, the only technical information relevant to this lawsuit relates to temozolomide products that have already been approved by the FDA, and their generic equivalents. This includes technical information relating to Schering's TEMODAR® product and Barr's proposed generic version. Barr's proposed restriction on prosecution, which would prohibit access to any person involved in prosecution of patent applications "relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents)," is much broader than this. It includes temozolomide products and methods of use that are currently under development and not yet approved by the FDA. These products and methods of use are not relevant to this lawsuit. Barr's interests in protecting its confidential information are not served by restricting in-house counsel from prosecuting patent application that have no relevance to this lawsuit. As discussed in their November 6 letter, plaintiffs respectfully submit that their proposed restriction on prosecution strikes the appropriate balance between the parties' legitimate interests in protecting their confidential information and allowing counsel to participate in this action without undue burden on their other responsibilities.

Moreover, in contrast to plaintiffs' proposed protective order, which provides that limitations on prosecution will end two years after final disposition of this litigation, Barr's proposed restriction on prosecution contains no time limitation whatsoever. The technical information produced in this lawsuit will not continue to be sensitive to on-going prosecution for an indefinite period of time. Barr's opened-ended restriction on prosecution serves no legitimate purpose and would unjustifiably limit activities of outside and in-house counsel years after the conclusion of this lawsuit. Plaintiffs submits that their proposed two-year restriction adequately protects the parties' confidential information.

The Honorable Mary Pat Thynge
November 12, 2007
Page 3

        Barr's new proposed protective order also raises several issues that plaintiffs thought had been resolved during the course of the parties' negotiations.[1] Barr's proposal deletes a provision contained in Paragraph 8(b) of the proposed protective order attached to plaintiffs' November 6 letter providing that the inadvertent failure to designate a document as confidential will not be deemed a waiver of the right to make that designation and providing a mechanism to correct any inadvertent failures to designate a document as confidential. Plaintiffs submit that this provision is necessary to protect the parties' confidential information and sets forth an appropriate procedure to rectify any inadvertent failure to designate a document as confidential. Although the parties discussed this provision during their negotiations, Barr never suggested that it should be deleted. In fact, Barr suggested several minor changes to the language of the provision, which plaintiffs accepted.

        Finally, Barr's new proposed protective order adds a provision (Paragraph 6) that would require advance notice before *any* person may view the confidential information of another party. Thus, for example, under Barr's proposal, a party would be required to provide advance notice every time a new attorney, paralegal, secretary or other employee of outside counsel views another party's confidential information. This provision is overly broad and would be unworkable in practice. Additionally, the dispute resolution procedures set out in Paragraph 6 contradict the provisions of Paragraph 7, to which the parties agreed, which requires advance notice before disclosure of confidential information to outside experts and consultants.

        Plaintiffs respectfully request that the Court adopt their proposed protective order.

        Respectfully,

        Jack B. Blumenfeld

JBB/dlb
cc:    Clerk of the Court (Via Hand Delivery; w/ encl.)
       John C. Phillips, Jr., Esquire (Via Hand Delivery; w/ encl.)
       Brian E. Farnan, Esquire (Via Hand Delivery; w/ encl.)
       Taras A. Gracey, Esquire (Via Electronic Mail; w/ encl.)
       Jesse J. Jenner, Esquire (Via Electronic Mail; w/ encl.)

---

[1] Plaintiffs sent Barr a letter (attached as Exhibit 1) seeking clarification on these newly-raised issues, but Barr has not responded.

# EXHIBIT 1



**ROPES & GRAY LLP**
1211 AVENUE OF THE AMERICAS   NEW YORK, NY 10036-8704   212-596-9000   F 212-596-9090
BOSTON   NEW YORK   PALO ALTO   SAN FRANCISCO   TOKYO   WASHINGTON, DC   www.ropesgray.com

November 9, 2007

Matthew A. Traupman
212-596-9288
matthew.traupman@ropesgray.com

**BY E-MAIL**

Taras A. Gracey, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

*Schering Corporation, et al. v. Barr Laboratories, Inc., et al.*, C.A. No. 07-457(***)

Dear Taras:

I write in response to Barr's letters to Magistrate Judge Thynge, dated November 7, 2007. Your second letter is inaccurate in several respects. As you are well aware, the first time that Barr provided its proposed language regarding the definition of "Highly Confidential" Material and the language on the restriction on prosecution that was set forth in your first letter to Judge Thynge was in an email to me on November 7th at 12:36 P.M. For you to suggest otherwise is simply incorrect. The fact that you waited until after plaintiffs submitted their letter to the Court to provide new proposed language was even more of a surprise, given the fact that at approximately 2:00 P.M. on Tuesday November 6th – *i.e.*, an hour before our letter was due – you called me to confirm the fact that you had spoken with your client and that Barr's positions had not changed.

Before we can evaluate whether or not the parties are at an impasse regarding the protective order, we need to know what issues really are in dispute and what is Barr's position regarding these issues. Please let us know in writing whether the positions set forth in Barr's proposed protective order are indeed Barr's final positions and, if not, please provide Barr's positions to us immediately.

The language included in Barr's proposed protective order raises a number of questions. We do not understand why Barr believes it necessary to have such an expansive definition of "Highly Confidential" Material, which in addition to research and development documents includes business and marketing documents. Please state in writing Barr's reasons for proposing that in-house attorneys who see business and marketing documents must limit their prosecution activities. Additionally, we do not understand how Barr's proposed language regarding the inadvertent production of privileged documents comports with Fed. R. Civ. P. 26(b)(5)(B). Please explain this in writing. Finally, we were surprised to see that Barr's proposed protective order deleted the provision regarding the inadvertent failure to designate a document as

3484453_2.DOC

ROPES & GRAY LLP

Taras A. Gracey, Esq. - 2 - November 9, 2007

confidential. In all of our many discussions you never suggested deleting this language. In fact, we discussed and agreed to some minor edits to this language during the course of our negotiations. Please explain the basis for your new position regarding this language, as we think that this clause is both necessary and appropriate.

I look forward to hearing from you.

Regards,

*[signature]*

Matthew A. Traupman

MAT:mat