**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and, SCHERING CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BARR LABORATORIES, INC. and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 07-457 (***) ) ) ) ) ) ) |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs Cancer Research Technology Limited and Schering Corporation and defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively "the Parties"), by and through their undersigned counsel, hereby stipulate and agree that the following Protective Order shall govern the use and handling of materials containing trade secrets and other confidential research, development and commercial information in this action. The Parties further request that the Court enter this Stipulated Protective Order as follows:

IT IS HEREBY AGREED AND ORDERED:

**I.    SCOPE OF PROTECTIVE ORDER**

This Protective Order shall apply to all documents, things, or information subject to discovery in this Litigation that is owned, possessed, or controlled by a party or a non-party and that contains the party's or non-party's trade secrets or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement ("CONFIDENTIAL Discovery Material") to be kept confidential.

## II.    CONFIDENTIALITY DESIGNATIONS (TWO-TIER)

1.    Each party and any non-party shall have the right to designate as CONFIDENTIAL and subject to this Protective Order any Confidential Discovery Material that is entitled to protection under Federal Rule of Civil Procedure 26(c)(7), by marking such Material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." It shall be the duty of the party or non-party who seeks to invoke protection under this Protective Order to give notice, as set forth below, of the Confidential Discovery Material designated to be covered by this protective Order ("Designated [CONFIDENTIAL or HIGHLY CONFIDENTIAL] Material"). The duty of the parties and of all other persons bound by this Protective Order to maintain the confidentiality of Confidential Discovery Material so designated shall commence with such notice.

2.    Each party and all other persons bound by the terms of this Protective Order shall use any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a party or non-party other than itself only for the purpose of this Litigation, and shall not use any designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material governed by this Protective Order for any other purpose. The attorneys of record for the parties shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

### "CONFIDENTIAL" Material

3.    Under this Protective Order, Confidential Discovery Material shall be marked "CONFIDENTIAL" if, and only if, the Producing Party in good faith considers the Discovery Material to be, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

4.     CONFIDENTIAL Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Material; (c) portions of briefs, memoranda, or any writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Material; (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL Material; and (e) deposition testimony designated as "CONFIDENTIAL" in accordance with the terms of this Protective Order.

**"HIGHLY CONFIDENTIAL" Material**

5.     Under this Protective Order, Confidential Discovery Materials can be designated as "HIGHLY CONFIDENTIAL" Material if, and only if, that Confidential Discovery Material is "CONFIDENTIAL" as set forth in Paragraph 3 above and contains or discloses information relating to, referencing, or pertaining to technical, research and/or development information relating to temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents).

6.     HIGHLY CONFIDENTIAL Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from HIGHLY CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL Material; (d) written discovery responses and answers

that contain, summarize, or reflect the content of any such HIGHLY CONFIDENTIAL Material; and (e) deposition testimony designated in accordance with the paragraphs below.

### III. DESIGNATING MATERIALS AS "CONFIDENTIAL" AND/OR "HIGHLY CONFIDENTIAL"

7. The designation of information as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material for purposes of this Order shall be made in the following manner:

   a. with regard to written material (including transcripts of depositions or other testimony), a legend shall be affixed to each page substantially in the form, "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – Subject to Protective Order"; and

   b. with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

   c. Materials described in paragraphs 7(a) and (b) made available by a Producing Party to a Receiving Party for inspection without confidentiality legends shall be deemed to be HIGHLY CONFIDENTIAL Material until labeled copies are provided.

   d. Any party may designate any or all portions of depositions taken in this action as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within twenty (20) days of receiving the transcript of the deposition. Only those portions of a deposition that actually contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material so may be so designated. All deposition

4

       transcripts will be treated as HIGHLY CONFIDENTIAL Material until a party designates any or all portions of the transcript as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material or until twenty (20) days after receipt of the transcript, whichever is earlier.

    e.    Notwithstanding the obligations to timely designate CONFIDENTIAL and/or High CONFIDENTIAL Material under the foregoing paragraphs 7(a) – 7(d), the inadvertent or unintentional failure to designate specific Produced Material as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, shall not be deemed a waiver in whole or in part of the claim of confidentiality. Upon notice from the Producing Party of such failure to designate, all Receiving Parties shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed Produced Material. No party shall be held in breach of this Order if, prior to notification of such later designation, such Produced Material had been disclosed or used in a manner inconsistent with such later designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Produced Material.

## IV. DISCLOSURE AND USE OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL

    8.    Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, and except as provided in Paragraph 11 below, CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any

business or commercial purpose. If a party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material in this action, such party shall notify promptly the Producing Party.

9. Subject to Paragraphs 13 to 17, CONFIDENTIAL Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order only to the following persons:

(a) outside counsel of record for the parties in this action, and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action, so long as such counsel has executed a copy of the CONFIDENTIAL Undertaking attached hereto;

(b) up to three (3) in-house counsel for each party, so long as such in-house counsel has executed a copy of the CONFIDENTIAL Undertaking attached hereto and has provided a copy of the signed undertaking to counsel for the designating party. For plaintiff Cancer Research Technology Ltd., the in-house counsel shall be Robert Amies and Andrew Waldron; for plaintiff Schering Corporation, the in-house counsel shall be Henry S. Hadad, Lisa Jakob and Gloria Fuentes; for defendants the in-house counsel shall be Fred Killion, Heidi Kraus and Azeen James. Furthermore, the parties agree that they will not unreasonably withhold consent to replace one or more in-house counsel listed above with substitute in-house counsel, provided notice is given pursuant to Paragraph 14;

  (c) outside experts and consultants and their staff retained to assist the parties in the conduct of this action, so long as such person has executed a copy of the CONFIDENTIAL Undertaking attached hereto;

  (d) witnesses or potential witnesses in this action and their counsel, subject to the provisions of Paragraphs 18 and 19;

  (e) the Court and its employees and the jury;

  (f) court reporters, videographers and translators; and

  (g) others as to whom the Producing Party has given written consent.

10. Subject to Paragraphs 13 to 17, HIGHLY CONFIDENTIAL Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

  (a) outside counsel of record for the parties in this action, and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action, so long as such counsel has executed a copy of the HIGHLY CONFIDENTIAL Undertaking attached hereto, and such counsel is not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents) for a period of two (2) years after the final disposition of this action (including appeals and petitions for review);

  (b) up to three (3) in-house counsel for each party, so long as such person has executed a copy of the HIGHLY CONFIDENTIAL Undertaking attached hereto and has

7

provided a copy of the signed undertaking to counsel for the designating party, and so long as such in-house counsel is not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents) for a period of two (2) years after the final disposition of this action (including appeals and petitions for review); for plaintiff Cancer Research Technology Ltd., the in-house counsel may be one or more of Robert Amies and Andrew Waldron; for plaintiff Schering Corporation, the in-house counsel may be one or more of Henry S. Hadad, Lisa Jakob and Gloria Fuentes; for defendants the in-house counsel shall be Fred Killion and Azeen James. Furthermore, the parties agree that they will not unreasonably withhold consent to replace one or more in-house counsel listed above with substitute in-house counsel, provided notice is given pursuant to Paragraph 14;

  (c) outside experts and consultants and their staff retained to assist the parties in the conduct of this action, so long as such person has executed a copy of the HIGHLY CONFIDENTIAL Undertaking attached hereto, and such experts and consultants do not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents) for a period of two (2) years after the final disposition of this action (including appeals and petitions for review);

      (d)    witnesses or potential witnesses in this action and their counsel, subject to the provisions of Paragraphs 18 and 19;

      (e)    the Court and its employees and the jury;

      (f)    court reporters, videographers and translators; and

      (g)    others as to whom the Producing Party has given written consent.

11.    Irrespective of whether an individual has executed the CONFIDENTIAL or HIGHLY CONFIDENTIAL Undertaking, this Order shall not apply to and, thus, does not restrict any party's use, for any purpose, of (1) its own CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, or (2) any documents, things, information or other material that, at the time of disclosure in this action, is publicly known through no unauthorized act of such party or was lawfully developed or obtained independent of discovery in this action. Moreover, this order shall not apply to and does not restrict any individual from reviewing or seeing any document authored by that individual.

12.    This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 9(a), 9(b), 10(a) or 10(b) from rendering advice to his or her client that is a party to this case with respect to this action, and in the course thereof, from generally relying upon his or her examination of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

**V.    PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION**

13.    Every person to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order.

14.    Furthermore, regarding those qualified recipients under the terms of Paragraphs 9(c) and 10(c) and for substitute in-house counsel under the terms of Paragraphs 9(b) and 10(b) to whom disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material is sought, that counsel shall give notice as follows:  Counsel for the non-designating party seeking to make the disclosure shall provide written notice (by facsimile followed by a copy sent the same day by email) to counsel for the designating party or non-party, and all other parties to this Litigation, of the name, address, business affiliation and curriculum vitae of the person(s) to whom the Designed CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the CONFIDENTIAL Undertaking or HIGHLY CONFIDENTIAL Undertaking attached hereto.  Counsel for the non-designating party need not specifically identify the Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material intended to be disclosed.

15.    The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or nonparty expires, and, if any such objection is made, before that objection is resolved, as provided below.  Any such objection shall be made in writing (by facsimile followed by a copy

sent the same day by e-mail) to the counsel for the party seeking to make the disclosure, and all other parties to this litigation. Failure to object within the time period set forth above shall be deemed a consent.

16. Within five (5) business days of receipt of an objection, the parties shall meet and confer to attempt to resolve their dispute. If the objection cannot be resolved by the parties, the party making the objection has ten (10) business days to seek relief from the Court. The party making the objection shall have the burden of proof that the intended disclosure should not occur.

17. The notification and signed acknowledgement shall be delivered by hand, or by facsimile or electronic transmission. Notification to plaintiffs shall be delivered to: Jesse J. Jenner, Denise L. Loring, Christopher J. Harnett, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036. Notification to defendants shall be delivered to George C. Lombardi, Taras A. Gracey, Stephanie S. McCallum, Winston & Strawn, LLP, 35 West Wacker Drive, Chicago, IL 60601.

## VI.     EXAMINATION OF WITNESSES

18. Any current employee or expert witness of a party may be examined at trial or upon deposition concerning any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material of such party.

19. Any other person may be examined as a witness at trial or upon deposition concerning any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material which that person had lawfully generated, received or which was previously communicated to that witness. During examination or preparation therefor, any such witness may be shown CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material which appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.

## VII.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

20. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity is produced inadvertently, the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

## VIII.  OBLIGATIONS OF OUTSIDE COUNSEL

21. It shall be the responsibility of outside counsel, the outside law firms who are counsel of record for the respective parties herein, to ensure strict compliance with the provisions of this Protective Order in their dealings with CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, and it shall be the responsibility of outside counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material as provided herein.  All persons responsible for determining that materials contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall be familiar with this Protective Order and the scope of its protection.  All CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material including any and all copies thereof shall be kept by the Receiving Party in a place appropriately safe, given its status.

## IX.    OTHER

22. <u>Pleadings</u>:  All papers, documents and transcripts containing or revealing the substance of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall be filed in accordance with the procedures for filing under seal set forth the District of Delaware CM/ECF User's Manual.  In addition all papers, documents, expert reports and transcripts containing or revealing the substance of CONFIDENTIAL Material shall be marked "Contains CONFIDENTIAL Material Under Protective Order" or "Contains HIGHLY CONFIDENTIAL Material Under Protective Order" on the cover page of each paper, document or transcript.  In

addition, all papers, documents, expert reports and transcripts containing or revealing the substance of HIGHLY CONFIDENTIAL Material shall have brackets ("[" and "]") placed at the beginning and end of any portions that contain or reveal the substance of HIGHLY CONFIDENTIAL Material.

    a.    All such filed CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material shall be maintained by the Clerk under seal.

    b.    A second copy of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL material filed with the Clerk may be delivered to a Judicial Officer, if permitted, to bring the Judicial Officer's attention to matters requiring immediate actions.

23.    <u>Conclusion of the Action</u>:  Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in this action, outside counsel and all other persons having possession or control of another party's CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, including any briefs, motions, pleadings, expert reports or other documents created during the course of this litigation that contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material, shall:  (a) return all CONFIDENTIAL and HIGHLY CONFIDENTIAL Material and any copies thereof to the appropriate outside counsel who produced the CONFIDENTIAL and HIGHLY CONFIDENTIAL Material; or (b) destroy such CONFIDENTIAL and HIGHLY CONFIDENTIAL Material.  Each party shall give written notice of such destruction to outside counsel for the Producing Party.  However, trial counsel may retain one copy of all pleadings for archival purposes.  Further, all notes, summaries, or other documents prepared by attorneys, or outside experts/consultants designated as provided in Paragraph 9(a-c) and Paragraph 10(a-c),

derived from or containing CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, shall after the conclusion of the action, be kept within the files of trial counsel for the party creating such work product, or be destroyed.

24. <u>Other Proceedings</u>: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL and HIGHLY CONFIDENTIAL Material pursuant to this order shall promptly notify the Producing Party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

25. <u>Contested Designations</u>: A party shall not be obligated to challenge the propriety of designating any CONFIDENTIAL and HIGHLY CONFIDENTIAL Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Producing Party of any information as CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, but the party seeking to restrict disclosure of information shall bear the burden of proof that it constitutes CONFIDENTIAL and HIGHLY CONFIDENTIAL Material. This Protective Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not, in fact CONFIDENTIAL Material. Although CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue, nothing shall be

regarded as CONFIDENTIAL and HIGHLY CONFIDENTIAL Material protected hereunder if it is demonstrated that such information either:

    a.    is in the public domain at the time of disclosure;

    b.    becomes part of the public domain through no fault of the Requesting Party or third parties who are not in breach of any obligations to the Producing Party;

    c.    is information the Receiving Party can show was in its possession prior to the time of disclosure; or

    d.    is information the Receiving Party receives at a later date from a third party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.

26.    <u>Non-waiver</u>:  The production of Produced Materials by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the materials has waived any objection to the production, relevancy or admissibility of said materials.  Nothing contained herein shall preclude any party from opposing any discovery on any basis.  Further, nothing in this Order constitutes an admission by any party that any specific item of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material is a trade secret or otherwise confidential and proprietary to a party.

27.    <u>Additional Parties</u>:  If an additional party joins or is joined in this action, the newly joined party shall not have access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material until the parties agree to a supplemental Protective Order governing the protection of CONFIDENTIAL and HIGHLY CONFIDENTIAL Material.

28. <u>Third Parties</u>:  Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information or other material as CONFIDENTIAL and HIGHLY CONFIDENTIAL Material under this Protective Order.  If it does so, then each party to the action will have with respect to such CONFIDENTIAL and HIGHLY CONFIDENTIAL Material the same obligations which that party has with respect to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material of another party to the action.

29. <u>Attendance At Proceedings</u>:  If a deposition concerns CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with Paragraphs 8-10 hereof to have access to such material.

30. <u>Unauthorized Disclosure</u>:  In the event of disclosure of any CONFIDENTIAL and HIGHLY CONFIDENTIAL Material to a person not authorized to have access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform outside counsel for the party whose CONFIDENTIAL and HIGHLY CONFIDENTIAL Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The responsible party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made.  Each party shall cooperate in good faith in that effort.

31. <u>Termination Of Access</u>:

a. In the event that any person or party ceases to be engaged in the conduct of this action, such person's or party's access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall be terminated, and all copies thereof shall be returned or

destroyed in accordance with the terms of Paragraph 23 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action.

      b.      The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

      32.      <u>Modification</u>:  Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

      Entered this ___ day of December 2007.

_____
UNITED STATES MAGISTRATE JUDGE

Agreed to:

Morris, Nichols, Arsht & Tunnell LLP    Phillips, Goldman & Spence, P.A.

*/s/ Rodger D. Smith II*              */s/ Brian E. Farnan*
Jack B. Blumenfeld (#1014)          John C. Phillips, Jr. (#110)
Rodger D. Smith II (#3778)           Brian E. Faman (#4089)
1201 N. Market Street                  1200 North Broom Street
Wilmington, DE 19899-1347         Wilmington, DE  19806
(302) 658-9200                            (302) 655-4200
*Attorneys for Plaintiffs*                *Attorneys for Defendants*
  *Cancer Research Technology Limited*   *Barr Laboratories, Inc. and Barr*
  *and Schering Corporation*              *Pharmaceuticals, Inc.*

1345346

**EXHIBIT A**

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and, SCHERING CORPORATION,<br><br>        Plaintiff,<br><br>       v.<br><br>BARR LABORATORIES, INC. and BARR PHARMACEUTICALS, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-457 (***)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONFIDENTIAL UNDERTAKING**

I, _____, being duly sworn, state that:

(a)   My present residential address is _____

_____.

(b)   My present employer is _____

and the address of my present employer is _____

_____.

(c)   My present occupation or job description is _____

_____.

(d)   I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit A is annexed (and whose definitions are incorporated here). I understand that any CONFIDENTIAL Material provided to me is done pursuant to the terms, conditions and restrictions and of the Order, in particular that I may not disclose any CONFIDENTIAL Material to anyone not qualified to receive it under the Order, and I agree to be bound by these terms, conditions and restrictions. I agree that I will utilize any CONFIDENTIAL Material that is provided to me solely for purposes of this litigation. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order.

                                                                                                               _____

**EXHIBIT B**

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and, SCHERING CORPORATION, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>BARR LABORATORIES, INC. and BARR PHARMACEUTICALS, INC., <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

　　　　　　　　　　　　　　　　Civil Action No. 07-457 (***)

**HIGHLY CONFIDENTIAL UNDERTAKING**

I, _____, being duly sworn, state that:

　　(a)　My present residential address is _____

_____.

　　(b)　My present employer is _____ and the address of my present employer is _____

_____.

　　(c)　My present occupation or job description is _____

_____.

　　(d)　I certify that I am not and shall not be involved in any way in the prosecution of patent applications relating to any temozolomide products (and their generic equivalents), including without limitation the uses of temozolomide products (and their generic equivalents), or the method of manufacturing temozolomide products (and their generic equivalents);

　　(e)　I have read and understand the Stipulated Protective Order (the "Order") to which this Exhibit B is annexed (and whose definitions are incorporated here). I understand that any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material provided to me is done pursuant to the terms, conditions and restrictions and of the Order, in particular that I may not disclose any

2

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material to anyone not qualified to receive it under the Order, and I agree to be bound by these terms, conditions and restrictions. I agree that I will utilize any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Material that is provided to me solely for purposes of this litigation. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order.

_____

2