# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 fax
rsmith@mnat.com

April 1, 2008

BY E-FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

      Re: *Cancer Research Technology Ltd. et al. v. Barr Laboratories, Inc. et al.*, C.A. No. 07-457-SLR

Dear Judge Robinson:

      Attached is an Amended Rule 16 Scheduling Order, which is based on Your Honor's form patent scheduling order and includes the dates provided by the Court during the March 12, 2008 Status Conference.

      Respectfully,

      */s/ Rodger D. Smith II*

      Rodger D. Smith II (#3778)

Enclosure

cc:    Clerk of the Court (By E-Filing; w/encl.)
        John C. Phillips, Jr., Esquire (By E-Filing; w/encl.)
        Taras A. Gracey, Esquire (By E-Mail; w/encl.)
        Jesse J. Jenner, Esquire (By E-Mail; w/encl.)

2248482

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and SCHERING CORPORATION,<br><br>   Plaintiffs,<br><br> v.<br><br>BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 07-457-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED RULE 16 SCHEDULING ORDER

At Wilmington this ___ day of April 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that the following supersedes the Scheduling Order (D.I. 24) and Amended Scheduling Order (D.I. 31) previously entered in this matter:

  1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

  2. **Discovery.**

    (a) All fact discovery shall be commenced in time to be completed by **September 5, 2008**.

      (1) In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive

answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (2) Maximum of **115 hours** for fact depositions for each side.

  (b) Expert discovery shall be commenced in time to be completed by **December 5, 2008**.

    (1) Expert reports on issues for which the parties have the burden of proof are due on or before **October 6, 2008**. Rebuttal expert reports are due on or before **November 7, 2008**.

    (2) All Daubert motions shall be filed on or before **January 13, 2009.**

  (c) **Discovery Disputes.**

    (1) The court shall conduct an in-person discovery status conference on **April 22, 2008 at 4:30 p.m.**, the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

    (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

  (d) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1)

month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before **March 7, 2008**.

4. **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, on **August 15, 2008**, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

5. **Summary Judgment Motions.**  No summary judgment motions shall be filed in this matter.

6. **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **September 15, 2008**, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on **January 13, 2009**.  Simultaneous answering

briefs shall be filed by **February 3, 2009**. The hearing on claim construction will take place on **February 18, 2009 at 9:30 a.m.**

      7.    **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

      (a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

      (b)    No telephone calls shall be made to chambers.

      (c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

      8.    **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

      9.    **Pretrial Conference.** A pretrial conference will be held on **March 18, 2009 at 4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

      10.    **Trial.** This matter is scheduled for a **7-day bench trial** commencing on **March 30, 2009** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington,

- 5 -

Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

1944797.1