## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

CANCER RESEARCH )
TECHOLOGY LIMITED and )
SCHERING CORPORATION, )
)
               Plaintiffs, )         **C.A. No. 07-457 (SLR)**
)
     v. )
BARR LABORATORIES, INC., and )
BARR PHARMACEUTICALS, INC., )
)
            Defendants. )
)

---

### BARR LABORATORIES, INC.'S AND BARR PHARMACEUTICALS, INC.'S
### ANSWER, AFFIRMATIVE DEFENSES
### <u>AND RESTATED COUNTERCLAIMS TO AMENDED COMPLAINT</u>

Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. by and through their undersigned attorneys, answer the Amended Complaint of Cancer Research Technology Limited and Schering Corporation as follows:

### NATURE OF THE ACTION

1.     Barr admits that plaintiffs have sued Barr for patent infringement. Barr denies the remaining allegations of paragraph 1.

### THE PARTIES

2.     Barr is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies the allegations of paragraph 2.

3.     Barr is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis denies the allegations of paragraph 3.

4.      Barr admits that Barr Laboratories, Inc. is a corporation organized and existing under the laws of the State of Delaware, has a principal place of business at 225 Summit Avenue, Montvale, NJ 07645 and a registered agent at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Barr also admits that Barr Laboratories, Inc. is registered to do business and does business in the State of Delaware.  Barr denies the remaining allegations of paragraph 4.

5.      Defendants admit that Barr Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, has a principal place of business at 225 Summit Avenue, Montvale, NJ 07645and a registered agent at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Barr also admits that Barr Pharmaceuticals, Inc. is registered to do business and does business in the State of Delaware.  Barr denies the remaining allegations of paragraph 5.

6.      Barr admits that Barr Laboratories, Inc. is a wholly owned subsidiary of Barr Pharmaceuticals, Inc.  Barr denies the remaining allegations of paragraph 6.

7.      Barr[1] denies the allegations of paragraph 7.

## JURISDICTION AND VENUE

8.      Paragraph 8 contains conclusions of law rather than allegations of fact for which a response is required.   Insofar as a response is required, Barr admits that this Court has jurisdiction over issues related to patent infringement.  Barr denies the remaining allegations of paragraph 8.

9.      Paragraph 9 contains conclusions of law rather than allegations of fact for which a response is required.  Insofar as a response is required, Barr admits that it is subject to personal jurisdiction in this judicial district.  Barr denies the remaining allegations of paragraph 9.

---

[1] Plaintiffs define Barr as both Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.  Barr Laboratories and Barr Pharmaceuticals believe that Barr Pharmaceuticals is not a proper party.  Therefore, all allegations directed at Barr Pharmaceuticals are expressly denied.

10.    Paragraph 10 contains conclusions of law rather than allegations of fact for which a response is required.

## THE PATENT-IN-SUIT

11.    Barr admits that CRT is listed as the assignee of the patent attached to Plaintiffs' Amended Complaint as Exhibit A.  Barr denies the remaining allegations of paragraph 11.

12.    Barr admits that the first page of the '291 patent, attached as Exhibit A to Plaintiffs' Amended Complaint lists Edward Lunt, Malcolm F.G. Stevens, Robert Stone, Kenneth R.H. Wooldridge and Edward S. Newlands as inventors and Cancer Research Campaign Technology Limited as the assignee.  Barr denies the remaining allegations of paragraph 12.

13.    Barr is without knowledge as to whether Schering is the exclusive licensee of the '291 patent, and on that basis denies the allegations of paragraph 13.

14.    Barr denies the allegations of paragraph 14.

## ACTS GIVING RISE TO THE ACTION

15.    Barr admits that Schering is the holder of approved New Drug Application, NDA No. 21-029, for the manufacture and sale of temozolomide, which it sells under the trade name Temodar®.  Barr is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 15 and on that basis denies those allegations.

16.    Barr admits the allegations of paragraph 16.

17.    Barr admits that its ANDA No. 78-879 is a written submission, the contents of which speak for itself.   Nevertheless, Barr admits that ANDA No. 78-879 contains information showing that its proposed temozolomide capsules are bioequivalent to some approved dosage forms of Temodar®, have the same active ingredient of Temodar® and Barr's ANDA contains

3

information showing that the capsules are taken by an oral route of administration. Barr further admits that Barr's proposed labeling contains some of the approved indications of Temodar®. Barr denies the remaining allegations of paragraph 17.

18.    Barr admits the allegations of paragraph 18.

19.    Barr admits that the Amendment to its ANDA No. 78-879 is a written submission, the contents of which speak for itself.    Nevertheless, Barr admits that ANDA No. 78-879 contains information showing that its proposed temozolomide capsules are bioequivalent to some approved dosage forms of Temodar®, have the same active ingredient of Temodar® and Barr's ANDA contains information showing that the capsules are taken by an oral route of administration. Barr further admits that Barr's proposed labeling contains some of the approved indications of Temodar®.  Barr denies the remaining allegations of paragraph 19.

20.    Barr denies the allegations of paragraph 20.

21.    Barr admits the allegations set forth in the first sentence of paragraph 21.  Barr denies the allegations in the second sentence of paragraph 21.

22.    Barr denies the allegations of paragraph 22 and affirmatively states that the ANDA Notice speaks for itself.

23.    Barr admits the allegations set forth in the first sentence of paragraph 23.  Barr denies the allegations in the second sentence of paragraph 23.

24.    Barr denies the allegations of paragraph 24 and affirmatively states that the ANDA Notice letter referenced in paragraph 23 speaks for itself.

25.    Barr denies the allegations of paragraph 25.

26.    Barr denies the allegations of paragraph 26.

27.    Barr denies the allegations of paragraph 27.

28.    Barr denies the allegations of paragraph 28.

## AFFIRMATIVE DEFENSES

1.    All of the claims of the '291 patent are invalid and/or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103, and 112.

2.    All of the claims of the '291 patent are unenforceable because of prosecution history laches.

3.    One or more of Barr Laboratories, Inc.'s ANDA products do not infringe any valid and enforceable claims of the '291 patent.

4.    Barr Pharmaceuticals, Inc. is not a proper party to this action.

5.    Any additional defenses or counterclaims that discovery may reveal.

WHEREFORE, Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. pray that the Court enter judgment against Plaintiffs and in favor of Defendants, dismissing with prejudice each of the claims asserted by Plaintiffs, that the Court award Defendants their attorneys fees and costs, and that the Court award Defendants any other relief as it deems to be just and proper.

## RESTATED COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Barr Laboratories, Inc., by and through its undersigned attorneys, hereby alleges, for its counterclaims against Plaintiffs/Counterclaim Defendants Cancer Research Technology Limited and Schering Corporation as follows:

### Parties

1.     Counterclaim Plaintiff, Barr Laboratories, Inc. is a corporation having its corporate offices and a principal place of business at 225 Summit Avenue, Montvale, NJ 07645.

2.     Upon information and belief, Counterclaim Defendant Cancer Research Technology Limited ("CRT") is a limited liability company organized and existing under the laws of the United Kingdom, having its principal place of business at Sardinia House, Sardinia Street, London, WC2A 3NL, England and a United States Office at One Kendall Square Bldg 200, 1st floor, Cambridge, MA 02139.

3.     Upon information and belief, Counterclaim Defendant Schering Corporation ("Schering") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 2000 Galloping Hill Road, Kenilworth, NJ 07033-0530.

### Jurisdiction and Venue

4.     This action arises under the patent laws of the United States of America. Jurisdiction is founded on Title 28, United States Code §§ 1331, 1338(a), 2201 and 2202.

5.     Venue is proper in this Court under Title 28, United States Code §§ 1391(b), 1391(c) and 1400(b).

### Background

6.     Plaintiff Schering is the holder of an approved New Drug Application ("NDA"), No. 21-029, for the manufacture and sale of temozolomide capsules, which it markets under the

trade name Temodar® in various dosage forms including but not limited to 5 mg, 20 mg, 100 mg 140 mg, 180 mg and 250 mg.

7.      The Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act ("FDCA") authorize a generic drug company to submit an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA"). The FDA will approve an ANDA if the generic company shows that its product has the same active ingredient as, and is "bioequivalent" to, a product that the FDA already has approved.

8.      The FDCA requires NDA holders to disclose to the FDA the patent numbers and expiration dates of patents claiming the "drug" for which the NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2). The FDA then lists those patents in the publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly called the "Orange Book."

9.      If a generic company seeks approval to market its generic product before a patent listed in the Orange Book expires, the generic company's ANDA must include a "certification" that the patent is invalid, unenforceable, or would not be infringed by the generic product. This type of certification is commonly called a "Paragraph IV Certification."

10.      The ANDA applicant must send both the NDA holder and the patent holder or a designated agent of a patent holder, a notice letter that includes a detailed statement of the factual and legal basis for the ANDA applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed. Moreover, pursuant to 21 U.S.C. § 355(j)(5)(C), the ANDA applicant must include within its notice letter an "offer of confidential access" to its ANDA, which provides the NDA holder the opportunity to inspect the ANDA "for the purpose of determining whether" it should file suit against the ANDA holder.

11.    The FDA "Orange Book" lists the '291 patent as a reference patent for Schering's NDA No. 21-029.

12.    Barr Laboratories, Inc. filed with the FDA an ANDA, which the agency assigned No. 78-879, with Paragraph IV Certifications to obtain approval to engage in the manufacture, use or sale of temozolomide capsules ("Barr Laboratories, Inc.'s ANDA Products").

13.    Pursuant to that certification, Barr Laboratories, Inc. sent to Schering and CRT a statutorily-required notice letter containing a detailed factual and legal statement as to why the '291 patent was invalid, unenforceable and/or not infringed by Barr Laboratories, Inc.'s ANDA Products.  Within its notice letter and pursuant to 21 U.S.C. § 355(j)(5)(C), Barr Laboratories, Inc. offered to provide its ANDA to Plaintiffs.  Plaintiffs subsequently requested portions of Barr Laboratories, Inc.'s ANDA, and Barr provided such portions.

14.    On July 20, 2007, Plaintiffs filed their patent infringement lawsuit against Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.  On April 15, 2008, Plaintiffs filed a stipulation seeking permission to file an amended complaint, which was granted on April 18, 2008.  The Amended Complaint was filed with the Court that same day.  Plaintiffs' Complaint and Amended Complaint alleged that Barr Laboratories, Inc.'s ANDA Products would infringe the '291 patent, which Barr Laboratories, Inc. has denied herein.

## Counterclaim I
## Declaration of Invalidity of the '291 Patent

15.    Barr Laboratories, Inc. re-alleges and incorporates herein the allegations of paragraphs 1-14.

16.    This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that all of the claims of the '291 patent are invalid.

8

17.    Plaintiffs/Counterclaim Defendants allege that the '291 patent is infringed, valid, and enforceable, and Barr Laboratories, Inc. denies those allegations.

18.    There is an actual, substantial, continuing justiciable controversy between Barr Laboratories, Inc. and Plaintiffs/Counterclaim Defendants regarding the validity of the '291 patent.

19.    Barr Laboratories, Inc. is entitled to a declaration that all of the claims of the '291 patent are invalid under one or more sections of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Counterclaim II
### Declaration of Unenforceability of the '291 Patent

20.    Barr Laboratories, Inc. re-alleges and incorporates herein the allegations of paragraphs 1-19.

21.    This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that all of the claims of the '291 patent are unenforceable.

22.    Barr alleges that the '291 patent is unenforceable.

23.    The '291 patent is unenforceable because of prosecution laches.

24.    There is an actual, substantial, continuing justiciable controversy between Barr Laboratories, Inc. and Plaintiffs/Counterclaim Defendants regarding the enforceability of the '291 patent.

25.    Barr Laboratories, Inc. is entitled to a declaration that all of the claims of the '291 patent are unenforceable.

26.    The '291 patent may also be unenforceable due to any other additional defenses or counterclaims that discovery may reveal related to enforceability.

## RELIEF

WHEREFORE, Defendant/Counterclaim Plaintiff Barr Laboratories, Inc. prays that the Court enter judgment against Plaintiffs/Counterclaim Defendants and in favor of Defendant/Counterclaim Plaintiff Barr Laboratories, Inc. as follows:

1.    For a declaration that the claims of U.S. Patent No. 5,260,291 are invalid;

2.    For a declaration that the claims of U.S. Patent No. 5,260,291 are unenforceable;

3.    For a declaration that Barr Laboratories, Inc.'s ANDA products do not and will not infringe the claims of U.S. Patent No 5,260,291;

4.    For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

5.    For an award of costs; and

6.    For such other relief as the Court determines to be just and proper.


Dated: April 29, 2008          PHILLIPS, GOLDMAN & SPENCE, P.A.

                               By: _____
                               John C. Phillips, Jr. (#110)
                               Brian E. Farnan (#4089)
                               1200 North Broom Street
                               Wilmington, DE 19806
                               (302) 655-4200
                               (302) 655-4210 (fax)
                               jcp@pgslaw.com


                                        and


                               George C. Lombardi (admitted *pro hac vice*)
                               Taras A. Gracey (admitted *pro hac vice*)
                               Stephanie S. McCallum (admitted *pro hac vice*)
                               WINSTON & STRAWN LLP
                               35 West Wacker Drive
                               Chicago, IL 60601
                               Tele: (312) 558-5600
                               Fax: (312) 558-5700

                               *Attorneys for Defendants Barr Laboratories, Inc. and*
                               Barr Pharmaceuticals, Inc.