IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and SCHERING CORPORATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-457-SLR |
| v. | ) ) | |
| BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' REPLY TO DEFENDANTS' RESTATED COUNTERCLAIMS

Plaintiffs Cancer Research Technology Limited and Schering Corporation (collectively "Plaintiffs") reply to defendants Barr Laboratories, Inc.'s and Barr Pharmaceuticals, Inc.'s (collectively "Barr") Restated Counterclaims as follows:

1.      Plaintiffs admit, upon information and belief, the allegations contained in Paragraph 1 of the Counterclaims.

2.      Plaintiffs admit that Cancer Research Technology Limited is a limited liability company organized and existing under the laws of the United Kingdom, having its principal place of business at Sardinia House, Sardinia Street, London, WC2A 3NL, England. Plaintiffs deny the remaining allegations in Paragraph 2 of the Counterclaims.

3.      Plaintiffs admit the allegations contained in Paragraph 3 of the Counterclaims.

4.      Plaintiffs admit that this action arises under the patent laws of the United States of America.  Plaintiffs further admit that Barr purports to state Counterclaims for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202, and that subject matter

jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a) with respect to claims 1-3, 5-7, 11-13 and 27 of U.S. Patent No. 5,260,291 ("the '291 patent").    Plaintiffs deny the remaining allegations in Paragraph 4 of the Counterclaims.

5.    Plaintiffs admit that venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

6.    Plaintiffs admit that Schering is the holder of approved New Drug Application ("NDA") No. 21-029, for the manufacture and sale of temozolomide, which it markets under the trade name TEMODAR® (temozolomide) Capsules ("TEMODAR®"), in 5 mg, 20 mg, 100 mg, 140 mg, 180 mg and 250 mg dosage forms.    Plaintiffs deny the remaining allegations in Paragraph 6 of the Counterclaims.

7.    Plaintiffs state that the allegations set forth in Paragraph 7 of the Counterclaims are legal conclusions to which no responsive pleading is required.    Plaintiffs further state that the FDCA and regulations that govern approval of generic drugs speak for themselves with respect to the matters stated therein.

8.    Plaintiffs state that the allegations set forth in Paragraph 8 of the Counterclaims are legal conclusions to which no responsive pleading is required.    Plaintiffs further state that the FDCA and regulations that govern approval of generic drugs and listing of patents in the Orange Book speak for themselves with respect to the matters stated therein.

9.    Plaintiffs state that the allegations set forth in Paragraph 9 of the Counterclaims are legal conclusions to which no responsive pleading is required.    Plaintiffs further state that the FDCA and regulations that govern approval of generic drugs and listing of patents in the Orange Book speak for themselves with respect to the matters stated therein.

10.    Plaintiffs state that the allegations set forth in Paragraph 10 of the Counterclaims are legal conclusions to which no responsive pleading is required.    Plaintiffs

further state that the FDCA and regulations that govern approval of generic drugs and listing of patents in the Orange Book speak for themselves with respect to the matters stated therein.

11.     Plaintiffs admit that the FDA Orange Book lists the '291 patent as a reference patent in NDA No. 21-029 for TEMODAR®, 5 mg, 20 mg, 100 mg, 140 mg, 180 mg and 250 mg.

12.     Plaintiffs admit on information and belief that Barr filed with the FDA an ANDA, which the FDA assigned No. 78-879, seeking to market a generic version of the 5 mg, 20 mg, 100 mg and 250 mg dosage forms of TEMODAR®. Plaintiffs lack information sufficient to form a belief as to the remaining allegations in Paragraph 12 of the Counterclaims and, therefore, deny them.

13.     Plaintiffs admit that Schering received a letter from Barr on June 13, 2007 pursuant to 21 U.S.C. § 355(j)(5)(C), purporting to contain the factual and legal bases for Barr's contentions concerning the validity, enforceability and infringement of the '291 patent. Plaintiffs further admit that Barr's letter included an "Offer of Confidential Access" to certain information from ANDA No. 78-879, and that plaintiffs subsequently requested portions of Barr's ANDA. Plaintiffs admit that CRT received a copy of that letter on July 27, 2007. Plaintiffs deny the remaining allegations of Paragraph 13 of the Counterclaims.

14.     Plaintiffs admit that they filed their Complaint in this action on July 20, 2007, and that the Complaint alleges that Barr's manufacture, use, sale, offer for sale and/or importation of temozolomide capsules, 5 mg, 20 mg, 100 mg and 250 mg, will infringe, contribute to the infringement of, and/or induce the infringement of claims 1-3, 5-7, 11-13 and 27 of the '291 patent. Plaintiffs further admit that Barr purports to deny those allegations. Plaintiffs further admit that on April 15, 2008, they filed a stipulation seeking leave to file an amended complaint, and that the Court granted permission on April 18, 2008. Plaintiffs further

admit that they filed their Amended Complaint in this action on April 18, 2008, and that the Amended Complaint alleges that Barr's manufacture, use, sale, offer for sale and/or importation of temozolomide capsules, 5 mg, 20 mg, 100 mg, 140 mg, 180 mg and 250 mg, will infringe, contribute to the infringement of, and/or induce the infringement of claims 1-3, 5-7, 11-13 and 27 of the '291 patent. Plaintiffs further admit that Barr purports to deny those allegations. Plaintiffs deny the remaining allegations contained in Paragraph 14 of the Counterclaims.

### Reply To Counterclaim I

15.     Plaintiffs repeat and incorporate by reference their replies to Paragraphs 1–14 of the Counterclaims.

16.     Plaintiffs admit that Barr's Counterclaim I arises under the Patent Laws of the United States. Plaintiffs further admit that Barr purports to state a Counterclaim for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202. Plaintiffs deny that there is a case or controversy as to claims 4, 8-10, 14-26, and 27-33 of the '291 patent and, therefore, deny that there is subject matter jurisdiction as to those patent claims. Plaintiffs deny the remaining allegations in Paragraph 16 of the Counterclaims.

17.     Plaintiffs admit that their Amended Complaint in this action alleges that Barr's manufacture, use, sale, offer for sale and/or importation of temozolomide capsules, 5 mg, 20 mg, 100 mg, 140 mg, 180 mg and 250 mg, will infringe, contribute to the infringement of, and/or induce the infringement of claims 1-3, 5-7, 11-13 and 27 of the '291 patent, and that Barr purports to deny those allegations. Plaintiffs deny the remaining allegations contained in Paragraph 17 of the Counterclaims.

18.     Plaintiffs admit that a justiciable controversy exists as to the validity of claims 1-3, 5-7, 11-13 and 27 of the '291 patent. Plaintiffs deny the remaining allegations contained in Paragraph 18 of the Counterclaims.

19.    Plaintiffs deny the allegations contained in Paragraph 19 of the Counterclaims.

## Reply To Counterclaim II

20.    Plaintiffs repeat and incorporate by reference their replies to Paragraphs 1–19 of the Counterclaims.

21.    Plaintiffs admit that Barr's Counterclaim II arises under the Patent Laws of the United States.  Plaintiffs further admit that Barr purports to state a Counterclaim for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202.  Plaintiffs deny that there is a case or controversy as to claims 4, 8-10, 14-26, and 27-33 of the '291 patent and, therefore, deny that there is subject matter jurisdiction as to those patent claims.  Plaintiffs deny the remaining allegations in Paragraph 21 of the Counterclaims.

22.    Plaintiffs admit that Barr purports to allege that the '291 patent is unenforceable.  Plaintiffs deny the remaining allegations contained in Paragraph 22 of the Counterclaims.

23.    Plaintiffs deny the allegations contained in Paragraph 23 of the Counterclaims.

24.    Plaintiffs admit that a justiciable controversy exists as to the enforceability of claims 1-3, 5-7, 11-13 and 27 of the '291 patent.  Plaintiffs deny the remaining allegations contained in Paragraph 24 of the Counterclaims.

25.    Plaintiffs deny the allegations contained in Paragraph 25 of the Counterclaims.

26.    Plaintiffs deny the allegations contained in Paragraph 26 of the Counterclaims.

## REPLY TO PRAYER FOR RELIEF

27.     Plaintiffs deny that Barr is entitled to the judgment it seeks in Paragraphs 1-6 of its Prayer For Relief.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

28.     Plaintiffs repeat and incorporate by reference herein the assertions set forth in its Complaint in this action and in Paragraphs 1 through 27 herein.

29.     Claims 1-3, 5-7, 11-13 and 27 of the '291 patent are valid and enforceable. There is no case or controversy and, therefore, no subject matter jurisdiction with respect to claims 4, 8-10, 14-26, and 27-33 of the '291 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiffs*
   *Cancer Research Technology Limited*
   *and Schering Corporation*

OF COUNSEL:

Jesse J. Jenner
Denise L. Loring
Christopher J. Harnett
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

May 13, 2008
2326451

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 13, 2008, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> John C. Phillips, Jr., Esquire
> Brian E. Farnan, Esquire
> PHILLIPS, GOLDMAN & SPENCE, P.A.

I further certify that I caused copies of the foregoing document to be served on

May 13, 2008, upon the following in the manner indicated:

John C. Phillips, Jr., Esquire                                  *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire                                       *and HAND DELIVERY*
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE  19806

George C. Lombardi, Esquire                                  *VIA ELECTRONIC MAIL*
Taras A. Gracey, Esquire                                       *And FIRST CLASS MAIL*
Stephanie S. McCallum, Esquire
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)