IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANCER RESEARCH TECHOLOGY LIMITED and SCHERING CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 07-457 (SLR) |

**NOTICE OF DEPOSITION PURSUANT TO FED R. CIV. P. 30(b)(6)
OF SCHERING CORPORATION**

PLEASE TAKE NOTICE that on August 12, 2008, commencing at 9:30 a.m. at the offices of Winston & Strawn LLP, 35 West Wacker Drive, Chicago, Illinois 60601, Defendant Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. ("Barr") will take a deposition upon oral examination of Plaintiff Schering Corporation ("Schering") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The oral examination will be conducted before a court reporter, notary public, or other person authorized by law to administer oaths. The oral examination will be recorded by stenographic and videographic means, and will continue from day to day until completed. All counsel of record are invited to attend the deposition and examine the deponents in accordance with the Rules.

No later than five business days prior to the scheduled deposition date, Schering is requested to designate in writing to Barr the names of the persons who will testify on their behalf, specifying the matters as to which that person will testify.

Barr serves this Notice without waiver of their objections to the deficiencies in Plaintiff's document production and other discovery responses concerning the subject matter of the instant Notice, and reserves the right to continue this deposition as necessary in light of any subsequent document production by Plaintiff.

## TOPICS FOR EXAMINATION

1. The factual bases for Schering's contentions of the commercial success of any compound, including temozolomide, allegedly claimed in U.S. Patent No. 5,260,291 ("the '291 patent"), including financial information related to sales, research and development costs, profits, and marketing expenditures.

2. The factual bases for Schering's contentions of any praise by those in the industry of any compound allegedly claimed in the '291 patent, including temozolomide.

3. The factual bases for Schering's contentions of any unexpected results of any compound allegedly claimed in the '291 patent, including temozolomide.

4. The factual bases for Schering's contentions of any long-felt need for any compound allegedly claimed in the '291 patent, including temozolomide.

5. The factual bases for Schering's contentions of any copying of any compound allegedly claimed in the '291 patent, including temozolomide.

6. The factual bases for Schering's contentions of any initial skepticism as to any compound allegedly claimed in the '291 patent, including temozolomide.

7. The factual bases for Schering's contentions relating to any secondary consideration or objective indicia of non-obviousness of the '291 patent upon which Schering relies.

8. The existence and identity of individuals or companies that filed any certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) or served any Notice pursuant to 21 U.S.C. § 355(j)(2)(B), which relate to the subject matter allegedly claimed in the '291 patent, including, but not limited to, the FDA approved product Temodar®.

9. Communications with any counsel, including communications seeking or receiving the advice of counsel, relating to the prosecution of the applications leading to the '291 patent.

10. The factual bases for when the '291 patent and its applications were first enabled under 35 U.S.C. §§ 101 and 112, and how they were enabled, including identification of the source(s) of information that disclosed the utility of the claimed invention.

11. The existence and identity of licenses, assignments, and royalties related to the '291 patent and/or any compound or product allegedly claimed by the '291 patent including, but not limited to Temodar®.

12. Schering's participation in the prosecution of any and all patent applications that led to the issuance of the '291 patent.

13. The due diligence or investigation performed in initially deciding whether to invest in the research, development, marketing, or commercialization of any compound allegedly claimed in the '291 patent, including but not limited to temozolomide and the product Temodar®.

14. The marketing of Temodar®, including but not limited to marketing plans, promotional materials, sales and sales forecasts for Temodar® in the United States and elsewhere, pricing of Temodar®, and Temodar®'s costs and expenses in connection with

developing, obtaining regulatory approval for, producing, packaging, marketing and selling Temodar®.

15.  The Department of Justice (DOJ) investigation relating to the marketing of Temodar®, as referenced in the DOJ Press Release dated August 29, 2006 at BARR_TEMO_022575-022578, and any correspondence with the DOJ and/or FDA relating to any investigation, warning letters, or Notices of Violation relating to Temodar®.

Dated: July 25, 2008

BARR LABORATORIES, INC. and BARR PHARMACEUTICALS, INC.

By: /s/ Brian E. Farnan

John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom St.
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210

George C. Lombardi (admitted *pro hac vice*)
Taras A. Gracey (admitted *pro hac vice*)
Ivan M. Poullaos (admitted *pro hac vice*)
Julie Mano Johnson (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
*Attorneys for Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc.*