56.   For each such confinement or out-patient period listed in your answer to Interrogatory No. 55, please state separately:

    (a)   Condition treated for;

    (b)   Name, address and telephone number of each treating or prescribing physician;

    (c)   Type and date of any diagnostic or operating procedure;

    (d)   The date of recovery from such condition referred to in subpart (a) of this interrogatory; and,

    (e)   Extent and duration of any disability resulting from such condition referred to in subpart (a) of this interrogatory.

**ANSWER:   See response to Interrogatory numbers 32, 34 and 55.**

57.   State in detail such injuries, illnesses or types of ill health which you allege that you have suffered from during the one-year period immediately preceding the diagnosis of asbestosis, pleuritis and/or any other illness or disease alleged to be related to asbestos exposure. Set forth in detail such symptoms as were evident to you during that period, the date of their appearance, and the identity of all diagnosing and treating physicians.

**ANSWER:   None other than those in medical records.  See medical records and authorizations provided to the Medical Coordinator.**

58.   State the name and address of your personal physician at the time of the incident(s) of which you complain in this law suit.

**ANSWER:   Dr. Luis R. Vega, 408 Jackson Ave. East, Hampton, SC 29924.**

**G.   Claims History**

59.   Have you, at any time, ever made a claim for or received any health or accident

insurance benefits, workmen's compensation payments, disability benefits, pensions, accident

compensation payments or veterans' disability compensation awards? If so, state for each:

> (a) The circumstances under which you received the benefits or awards or payments;
>
> (b) The illness or injury for which you received the benefits or awards or payments;
>
> (c) The names and addresses of your employer at the time of each injury or illness;
>
> (d) The names and addresses of the examining doctors for each injury or illness;
>
> (e) The names of the superiors or officers or boards or tribunals before which or to whom the claim or claims were made or filed; the dates made or filed;
>
> (f) The amount of the benefits or awards or payments;
>
> (g) The dates covering the times during which you received the benefits or awards or payments; and,
>
> (h) The agencies or insurance companies from whom you received the benefits or awards or payments.

**ANSWER: Objection. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the extent it does not pertain to Decedent Ellis Cook's illness. Subject to and without waiving said objections, Decedent Ellis Cook received worker's compensation from 1992 until 1996.**

> 60. On what date did you first become aware that asbestosis was a compensable

occupational disease under the State Workmen's Compensation Act?

**ANSWER: Not applicable.**

> 61. Have you ever filed a suit for damages for any personal injury? If yes, please

state:

> (a) The names and addresses of all plaintiffs, defendants, and other parties and their attorneys;

(b)     The court and place where each suit was filed and the date of filing;

(c)     The nature and extent of the injuries claimed; and,

(d)     The present status of each suit; and, if concluded, the final result including the amount of any settlement or judgment.

**ANSWER:     Objection. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the extent it does not pertain to Decedent Ellis Cook's illness. Subject to and without waiving said objections, no.**

62.     Have you ever been a party to any other litigation?  If so, describe:

(a)     The nature of the suit; and,

(b)     The date, court and place where the suit was filed.

**ANSWER:     Objection. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the extent it does not pertain to Decedent Ellis Cook's illness. Subject to and without waiving said objections, no.**

**H.     Witnesses/Investigation**

63.     Do you or your attorneys know of any person or persons having knowledge of facts relevant to the allegations in this lawsuit, including witnesses to the injury, illnesses, etc. in question?  If yes, please state the names, addresses, home telephone numbers, places of employment, relationship to you, the present whereabouts of all such persons.

**ANSWER:     Objection.  Plaintiffs object to this Interrogatory as overly broad, vague, irrelevant, and overly burdensome.  Subject to and without waiving said objections, Decedent Ellis Cook's wife, my son, former co-workers, health care workers, friends.**

64.     Do you or your attorneys have any written statements from any persons having knowledge of facts relevant to the subject matter of this lawsuit, including witnesses to the accident, injury, illnesses, etc. in question?  If yes, please state the names, addresses, home telephone numbers, places of employment, relationship to you and the present whereabouts of all

such persons.

**ANSWER:    Objection. Plaintiffs object to this Interrogatory as overly broad, vague, and irrelevant. Subject to and without waiving said objections, no statements specific only to this lawsuit have been obtained. Plaintiffs' counsel has depositions of some of the Defendants in this lawsuit taken in other asbestos cases. See also responses to Interrogatory numbers 11-14.**

65.    Do you or your attorneys have any written statements or oral transcriptions of the statements of any defendant or agent, servant or employee of any defendant to this action?  If yes, state the name of such person, where and when the statement or statements were obtained, and who has custody of the statements or transcriptions.

**ANSWER:    See response to Interrogatory number 64.**

66.    As a result of the illnesses, relevant working conditions or other circumstances complained of in this action, or related to the subject matter of this lawsuit, were any photographs, charts, drawings, diagrams or other graphic representation made by you or in your behalf?  If yes, state fully and in detail:

  (a) How many pictures were taken or documents prepared;

  (b) On what dates they were taken or prepared;

  (c) What views, scenes or objects they depict;

  (d) What is the name, address, telephone number, job title, or capacity and present whereabouts of the persons who have custody and control thereof;

  (e) Will the plaintiffs permit the defendants, through authorized representatives, to inspect the said photographs or other documents without the necessity of a motion for their production; and,

  (f) Will the plaintiffs furnish copies of designated photographs or other documents to the defendants at defendants' expense?

**ANSWER:    Objection. Plaintiffs object to this Interrogatory as overly broad, vague, and seeking information protected by the attorney-client privilege and work-product doctrine.**

**Subject to and without waiving said objection, see responses to Interrogatory numbers 11-14.**

67.     If your claim is based to any extent or nature upon expert opinion other than medical experts, please state the name, address, home telephone number, place of employment, relationship to you, and present whereabouts of all such experts.

**ANSWER:    To be provided. Plaintiffs' counsel anticipates filing in the near future, and in compliance with the scheduling order controlling this case, a master Witness and Exhibit list that will provide information responsive to this interrogatory.**

68.     Have you made any statement which was reduced to writing concerning the facts of this lawsuit and the damages claimed to any police or law officer, insurance company representative, investigator, state or federal agent or employee of any kind, or anyone else?  If yes, state the name and address of each and every such person or organization to whom these statements or reports were made and the purpose for which they were made.

**ANSWER:    No.**

69.     Have any investigations or other reports been prepared, compiled, submitted or made by you or on your behalf in this action?  If yes, state fully and in detail as to each such investigation or report:

(a)     The identity of same by date, subject matter, name, address, job title or capacity of the person or persons to whom addressed or directed;

(b)     The name, address, job title or capacity of the person or persons to whom addressed or directed; and,

(c)     The name, address, and present whereabouts of the person who has present custody or control thereof and the purpose of such preparation.

**ANSWER:    Objection. Plaintiffs object to this Interrogatory as it seeks information protected by the attorney-client privilege and work-product doctrine.**

70.   Do you have any health, accident or life insurance policies which are currently in effect? If yes, state the name, type, address of the insurance company, dates of commencement and expiration of coverage, policy limits, etc.

**ANSWER:   Objection. Plaintiffs object to this Interrogatory as it is overly broad and irrelevant. By way of further answer without waiving said objection, Decedent Ellis Cook had a life insurance policy with American General.**

71.   List the names, addresses and relationship to plaintiff of all persons who were witnesses to the accident, injuries or illnesses which are the subject matter of this lawsuit.

**ANSWER:   Objection. Plaintiffs object to this Interrogatory as it is overly broad, vague, and unduly burdensome. Subject to and without waiving said objections, it is impossible to know all persons who are witness to Decedent Ellis Cook's illness. Decedent's wife, my son and medical personnel would be the most knowledgeable. See response to Interrogatory numbers 10, 11, and 12. Other names will be provided as they become available.**

72.   Do your agents, employees and representatives know of any statement having been made by the defendants pertaining to any circumstances of the injuries or illnesses which are the subject of this lawsuit?

**ANSWER:   Objection. Plaintiffs object to this Interrogatory as it is overly broad, vague, and unduly burdensome. Subject to and without waiving said objections, Plaintiffs are not aware of any statements specifically about Decedent Ellis Cook. See also response to Interrogatory number 64.**

73.   If your answer to Interrogatory No. 72 is in the affirmative, was any such statement in writing and, if so, in whose possession is such statement and when and where may it be inspected by defendants?

**ANSWER:   Not applicable.**

74.   If your answer to Interrogatory No. 72 is in the affirmative, and any such statement was oral, when and where was any such statement made, in whose presence was such statement made, and what was the substance of such statement?

33

**ANSWER:    Not applicable.**

75.    Give the names and present addresses of all witnesses you intend to use at the trial of this case with respect to the occurrence and/or cause of your illness or with respect to claimed damages or with respect to the liability of these defendants.

**ANSWER:    Discovery is ongoing and Plaintiffs' investigation continues. Plaintiffs will supplement this response in compliance with the scheduling order controlling this case.**

76.    With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

      (a)    The subject matter on which the expert is expected to testify;

      (b)    The substance of the facts and opinions to which the expert is expected to testify; and,

      (c)    A summary of the grounds for each such opinion.

**ANSWER:    See response to Interrogatory number 12.**

77.    State the name and present address of any expert witness who has been retained or specially employed by you or your attorneys in anticipation of litigation or preparation for trial but who is not expected to testify as a witness at the trial.

**ANSWER:    Objection. Plaintiffs object to this Interrogatory as it seeks information protected by the attorney-client privilege, work-product doctrine, and is beyond the scope of discovery permissible pursuant to Superior Court Civil Rule 26. By way of further answer without waiving said objection, expert reports from those experts whom Plaintiffs intend to rely upon at time of trial will be produced in compliance with the scheduling order controlling this case.**

78.    Give an accurate statement of all medical, hospital and drug or other related costs incurred by you or on your behalf as a result of the illness alleged in the Complaint.

**ANSWER:    Plaintiffs' investigation continues as to expenses incurred as a result of Decedent Ellis Cook's asbestos-related illness. Plaintiffs will supplement as additional information becomes available.**

79.    If you claim the right to recover any "out-of-pocket" expenses, including, but not limited to, medical expenses, itemize each such expense and state:

      (a)    A specific description of each such expense;

      (b)    The date when such expense was incurred;

      (c)    To whom it was incurred; and,

      (d)    For what it was incurred.

**ANSWER:    See response to Interrogatory number 78.**

**I.    Union Activity**

80.    Were you a member of any labor union at any time from 1936 to the present?  If your answer is in the affirmative, state for each such union membership:

      (a)    The name, address and telephone number; and,

      (b)    The dates and time periods during which you maintained membership in such union.

**ANSWER:    No.**

81.    If you were a member of the International Association of Heat and Frost Insulators and Asbestos Workers, did you receive the publication known as The Asbestos Worker?

**ANSWER:    No.**

82.    If your answer to Interrogatory 81 is in the affirmative, state in detail:

      (a)    The manner of receipt, e.g., subscription, provided by union or employer, purchase, etc;

      (b)    Frequency of receipt, e.g., regularly, occasionally, rarely, etc.;

      (c)    The name, address and telephone number of each and every person or entity which provided this publication to you;

      (d)    Pertinent dates and time periods during which you received any issues of

said publication;

(e) Publication date, issue and volume number of each issue of said publication received by you in any fashion; and,

(f) Whether you read such publication.

**ANSWER:**   **Not applicable.**

83.   Did any of your employers or any union or other labor organization, group, representative or officer ever provide or make any copies of the publication <u>The Asbestos Worker</u> available to you at any time?

**ANSWER:**   **No.**

84.   If your answer to Interrogatory 83 is in the affirmative, please state in detail:

(a) The name, address, telephone number and title of each and every such employer, union, representative, or officer referred to in your answer to the above interrogatory;

(b) The dates and time periods during which the publication was so provided or made available to you;

(c) The publication date, issue and volume of each issue of said publication so provided or made available; and,

(d) The terms, circumstances or requirements of such availability or provision or requirements of said publication, e.g., free, by subscription, mailed, to be picked up, distributed at meetings, etc.

**ANSWER:**   **Not applicable.**

85.   If you were a member of a labor union other than the International Association of Heat and Frost Insulators and Asbestos Workers, did you receive any newspapers, newsletters or other publications from such union?

**ANSWER:**   **No.**

36

86.     If your answer to Interrogatory 85 is in the affirmative, please state:

    (a)     The type of each publication received;

    (b)     The frequency with which such publications were received; and,

    (c)     Whether you read such publications.

**ANSWER:**     **Not applicable.**

87.     Have you ever attended any international or local union meetings, seminars, conferences or conventions where the subjects of occupational health and exposure to asbestos were discussed?

**ANSWER:**     **No.**

88.     If your answer to Interrogatory 87 is in the affirmative, please state:

    (a)     The date and place of such meeting, seminar, conference or convention;

    (b)     The name and address of each speaker; and,

    (c)     A summary of such speech, presentation or discussion.

**ANSWER:**     **Not applicable.**

89.     Please list together with places and dates all offices you have held or committees on which you have served in both your local and international union.

**ANSWER:**     **Not applicable.**

90.     Have you ever been informed by any person in an official capacity in your local or international union of any possible hazards associated with the exposure to asbestos dust?

**ANSWER:**     **No.**

91.     If your answer to Interrogatory 90 is in the affirmative, please state:

    (a)     The name, address and official capacity of the individual or individuals who furnished you with such information;

37

    (b)     The date and place such information was furnished;

    (c)     The manner in which such information was communicated;

    (d)     The nature of the information furnished; and,

    (e)     What action, if any, you took in response to such information.

**ANSWER:**   **Not applicable.**

92.    For what time periods, including dates, were you an apprentice in the insulation materials installation trade (or a related trade) hereinafter referred to as "the trade"?

**ANSWER:**   **Late 60s.**

93. For what time periods, including dates, were you a journeyman, or its equivalent, in the trade?

**ANSWER:**    **Unknown.**

94.    State the date, times and places during which you were:

    (a)     A member of the National Insulation Contractors Association (N.I.C.A.);

    (b)     Employed by an employer who is a member of the National Insulation Contractors Association (N.I.C.A.). If so, please state the name, address and telephone number of said employer.

    (c)     Employed by an employer who is a member of the N.I.M.A. If so, please state the name, address and telephone number of said employer.

**ANSWER:**   **Not applicable.**

95.    Were you ever aware of, informed of, or advised in any fashion by the informational and educational campaigns conducted by N.I.C.A. and N.I.M.A., the purpose and goals of which were to promote awareness among asbestos materials workers as to potential hazards of asbestos exposure and to reduce such harmful exposure through recommendations

regarding protective respiratory safety equipment and engineering and methods controls during

the manufacture and fabrication of asbestos products?

**ANSWER:** **Not applicable.**

      96.    If your answer to the foregoing interrogatory is in the affirmative, state the date,

times, places, names and circumstances under which such awareness, information or advice was

received, and the name, address and telephone number of anyone present at the time you received

such advice and/or who received the same or similar advice, information or awareness.

**ANSWER:**    **Not applicable.**

      97.    State your average weekly or monthly earnings at the time of your last full-time

employment.

**ANSWER:**    **Plaintiffs will be claiming lost wages from the date of his disability due to mesothelioma to Decedent Ellis Cook's expected date of retirement. Plaintiffs will supplement as more info becomes available.**

      98.    State fully and in detail your annual earnings for the past ten years:

         (a)    Do you or your attorneys have your W-2 forms and/or income tax returns (or copies thereof) for any of the past ten years? If so, please state for which years you have such W-2 forms and/or income tax returns and/or copies thereof; and,

         (b)    If you will do so without a motion to produce, please attach copies of said W-2 forms and/or income tax returns to your answers to these interrogatories.

**ANSWER:**    **To be provided.**

      99.    If you claim that you have sustained any loss of income or earning power as a

result of the incident which is the subject of this lawsuit, either in the past, present or in the

future, state:

         (a)    The total value of the loss you claim was sustained;

    (b)      The inclusive dates when you claim you were unable to work as a result of the incident and the reason why you were unable to work on such dates;

    (c)      A specific description of the type or types of work you would have been performing or would have been able to perform during the period stated;

    (d)      The rate of income you would have been able to receive had the alleged incident not occurred, e.g., $1.00 per hour, $50.00 per week, etc.; and,

    (e)      The name and address of the person, corporation or other entity which would have been your employer.

**ANSWER:**    **Plaintiffs will be claiming lost wages from the date of his disability due to mesothelioma to Decedent Ellis Cook's expected date of retirement. Plaintiffs will supplement as more info becomes available.**

100.    Insofar as you intend to introduce into evidence any expert testimony concerning part of future loss or earning power or the present value of a sum of money concerning a future loss of expense and such evidence will be introduced through an expert economist or actuary, state the name and address of such expert and, as to each such person named, state:

    (a)      A specific description of the losses for which such of future earnings, present value of the loss of future earnings, present value of second job earnings, present value of future medical expenses, etc.;

    (b)      Describe in detail precisely the manner in which the person reached his conclusions showing the mathematical calculations involved; and,

    (c)      Insofar as such person has prepared any report or memoranda showing in whole or in part his conclusions or the facts on which such conclusions were based, state the date of such writing and the names and addresses of persons having copies of it. If you will do so without a motion to produce, please attach a copy of any such report to these answers.

**ANSWER:**    **To be provided.**

101.    State all facts upon which you base your claim concerning your potential earnings or earning power.

**ANSWER:**     **To be provided.**

102.    If your claim that, as a result of the negligence alleged in the Complaint, you

experienced any conscious pain and suffering for which you claim the right to recover damages

in this lawsuit, state:

(a)    The inclusive times or dates when you claim such conscious pain and suffering was experienced;

(b)    The name and address of any person having knowledge that it was, in fact, experienced;

(c)    The specific acts which you claim the defendants performed which resulted in such pain and suffering; and,

(d)    A description of the pain and suffering and the areas of the body effected so far as you are aware.

**ANSWER:**     **(a-b) See response to Interrogatory number 44.  By way of further answer, Decedent Ellis Cook had experienced significant pain and suffering since the symptoms began February 2008.  Decedent Ellis Cook's doctors, my family, friends, and attorneys all have knowledge that this pain and suffering was real.**

**(c) See responses to Interrogatory numbers 11-14.**

**(d) See medical records and response to Interrogatory numbers 39 and 44.**

BIFFERATO GENTILOTTI LLC

Ian Connor Bifferato (DE Id. No. 3273)
David W. deBruin (DE Id. No. 4846)
800 N. King Street, Plaza Level
Wilmington, DE 19801
Tel: (302) 254-5370
Fax: (302) 254-5383
Attorney for Plaintiffs

Date: March 3, 2009

41

**OF COUNSEL**
SIMMONSCOOPER LLC
707 Berkshire Boulevard
Alton, Illinois 62024
Tele: (618) 259-2222
Fax: (618) 259-2251

## PLAINTIFF'S EMPLOYMENT HISTORY*

*All information contained herein is descriptive in nature and is provided for purposes of discovery.  Therefore, Plaintiff's claims should be considered inclusive of the information contained herein but not limited solely to its contents in any way.

| | |
|---|---|
| **Plaintiff's Name:** | Ellis Cook |
| **Employer:** | Earl Freeman Garage |
| **Job Title:** | Mechanic/attendant |
| **Duties/Nature of Job:** | Installed/removed automobile brakes and clutches |
| **Average Hours Worked Per Week:** | Investigation continues |
| **Average Wages Per Hour/Year:** | Investigation continues |
| **Job Site(s):** | |
| **City, State:** | Fairfax, SC |
| **Asbestos Products and/or Materials Used During Employment:** | Note:  Include Manufacturer/Trade Names: <br><br> Investigation continues <br> Automobile brakes, clutches and gaskets |
| **Dates of Exposure:** | 1961-1963      part time |
| **Respirator/Mask:** | Please check one: _____Yes <br> ___X___ No |

| **Supervisor Information:** | Supervisors' Names: | Job Titles: |
|---|---|---|
| | Earl Freeman | owner |
| **Co-worker Information:** | Co-workers' Names: | Job Titles: |
| | | |

## PLAINTIFF'S EMPLOYMENT HISTORY*

*All information contained herein is descriptive in nature and is provided for purposes of discovery. Therefore, Plaintiff's claims should be considered inclusive of the information contained herein but not limited solely to its contents in any way.

| | |
|---|---|
| **Plaintiff's Name:** | Ellis Cook |
| **Employer:** | Harrison and Young Heating and Air Conditioning |
| **Job Title:** | Laborer/sheet metal worker |
| **Duties/Nature of Job:** | Installed/removed furnaces, air conditioners and other equipment |
| **Average Hours Worked Per Week:** | Investigation continues |
| **Average Wages Per Hour/Year:** | Investigation continues |
| **Job Site(s):** | |
| **City, State:** | Fairfax, SC |
| **Asbestos Products and/or Materials Used During Employment:** | <u>Note</u>:  Include Manufacturer/Trade Names:<br><br>Investigation continues<br>Furnaces, air conditioners, pumps, valves, boilers, gaskets, insulated duct material<br><br>Block and pipe<br>Insulation |
| **Dates of Exposure:** | 1965 |
| **Respirator/Mask:** | Please check one: _____Yes<br>___X_____ No |

| **Supervisor Information:** | Supervisors' Names: | Job Titles: |
|---|---|---|
| | | |
| **Co-worker Information:** | Co-workers' Names: | Job Titles: |
| | | |

**PLAINTIFF'S EMPLOYMENT HISTORY***

*All information contained herein is descriptive in nature and is provided for purposes of discovery. Therefore, Plaintiff's claims should be considered inclusive of the information contained herein but not limited solely to its contents in any way.

| | |
|---|---|
| **Plaintiff's Name:** | Ellis Cook |
| **Employer:** | Westinghouse Micarta |
| **Job Title:** | Laborer |
| **Duties/Nature of Job:** | Manufactured micarta board |
| **Average Hours Worked Per Week:** | Investigation continues |
| **Average Wages Per Hour/Year:** | Investigation continues |
| **Job Site(s):** | Hampton, SC |
| **City, State:** | Hampton, SC |
| **Asbestos Products and/or Materials Used During Employment:** | <u>Note:</u> **Include Manufacturer/Trade Names:**<br><br>Investigation continues<br><br>Asbestos paper<br>Spray on insulation<br>Pipe insualtion |
| **Dates of Exposure:** | 1966-1969 |
| **Respirator/Mask:** | Please check one: _____ Yes<br>____x____ No |

| **Supervisor Information:** | **Supervisors' Names:** | **Job Titles:** |
|---|---|---|
| | | |

| **Co-worker Information:** | **Co-workers' Names:**<br>**Roy Cook**<br>**Billy Gooding** | **Job Titles:**<br>Foreman<br>foreman |

**PLAINTIFF'S EMPLOYMENT HISTORY***

*All information contained herein is descriptive in nature and is provided for purposes of discovery. Therefore, Plaintiff's claims should be considered inclusive of the information contained herein but not limited solely to its contents in any way.

| | |
|---|---|
| **Plaintiff's Name:** | Ellis Cook |
| **Employer:** | Thomas Electric and Plumbing |
| **Job Title:** | Laborer/sheet metal worker/plumber |
| **Duties/Nature of Job:** | Installed/removed furnaces and air conditioners and worked with plumbing materials |
| **Average Hours Worked Per Week:** | Investigation continues |
| **Average Wages Per Hour/Year:** | Investigation continues |
| **Job Site(s):** | |
| **City, State:** | Fairfax, SC |
| **Asbestos Products and/or Materials Used During Employment:** | <u>Note</u>: Include Manufacturer/Trade Names:<br><br>Investigation continues.<br><br>Furnaces, air conditioners, boilers, gaskets, insulated duct material, valves, pumps, asbestos cement pipe and pipe insulation |
| **Dates of Exposure:** | 1967-1969  part time |
| **Respirator/Mask:** | Please check one: _____ Yes<br>____x____ No |

| **Supervisor Information:** | **Supervisors' Names:** | **Job Titles:** |
|---|---|---|
| **Co-worker Information:** | **Co-workers' Names:**<br>Billy Miley | **Job Titles:**<br>Laborer |

**PLAINTIFF'S EMPLOYMENT HISTORY***

**\*All information contained herein is descriptive in nature and is provided for purposes of discovery.  Therefore, Plaintiff's claims should be considered inclusive of the information contained herein but not limited solely to its contents in any way.**

| | |
|---|---|
| **Plaintiff's Name:** | Ellis Cook |
| **Employer:** | Gilmore Plumbing and Heating |
| **Job Title:** | Plumber |
| **Duties/Nature of Job:** | Repaired, removed and installed  air conditioners, furnaces, pumps, boilers and worked with other plumbing materials and equipment |
| **Average Hours Worked Per Week:** | Investigation continues |
| **Average Wages Per Hour/Year:** | Investigation continues |
| **Job Site(s):** | |
| **City, State:** | Thomson, GA |
| **Asbestos Products and/or Materials Used During Employment:** | <u>Note</u>:  Include Manufacturer/Trade Names:<br><br>Investigation continues<br><br>Pumps<br>Valves<br>Boilers<br>Asbestos cement pipe<br>Gaskets – packing<br>Block and pipe<br>Insulation |
| **Dates of Exposure:** | 1970-1972 |
| **Respirator/Mask:** | Please check one: _____Yes<br>____X____ No |

| **Supervisor Information:** | **Supervisors' Names:** | **Job Titles:** |
|---|---|---|
| | | |

| **Co-worker Information:** | **Co-workers' Names:** | **Job Titles:** |
|---|---|---|
| | | |

## PLAINTIFF'S EMPLOYMENT HISTORY*

*All information contained herein is descriptive in nature and is provided for purposes of discovery. Therefore, Plaintiff's claims should be considered inclusive of the information contained herein but not limited solely to its contents in any way.

| | |
|---|---|
| **Plaintiff's Name:** | Ellis Cook |
| **Employer:** | Chapman Electric and Plumbing |
| **Job Title:** | Plumber |
| **Duties/Nature of Job:** | Repaired, removed and installed air conditioners, furnaces, pumps, boilers and worked with other plumbing materials and equipment |
| **Average Hours Worked Per Week:** | Investigation continues |
| **Average Wages Per Hour/Year:** | Investigation continues |
| **Job Site(s):** | Parris Island, SC Marine base and other locations in SC |
| **City, State:** | Johns Island, SC |
| **Asbestos Products and/or Materials Used During Employment:** | **Note:** Include Manufacturer/Trade Names:<br><br>Investigation continues<br><br>Pumps<br>Valves<br>Boilers<br>Insulated pipe<br>Gaskets – packing |
| **Dates of Exposure:** | 1975--1976 |
| **Respirator/Mask:** | Please check one: _____Yes<br>____x____ No |

| **Supervisor Information:** | **Supervisors' Names:** | **Job Titles:** |
|---|---|---|
| | | |
| **Co-worker Information:** | **Co-workers' Names:** | **Job Titles:** |
| | | |

## PLAINTIFF'S EMPLOYMENT HISTORY*

**\*All information contained herein is descriptive in nature and is provided for purposes of discovery.  Therefore, Plaintiff's claims should be considered inclusive of the information contained herein but not limited solely to its contents in any way.**

| | |
|---|---|
| **Plaintiff's Name:** | Ellis Cook |
| **Employer:** | Self employed Plumber |
| **Job Title:** | Plumber |
| **Duties/Nature of Job:** | Repaired, removed and installed pumps and valves and worked with other plumbing materials and equipment |
| **Average Hours Worked Per Week:** | Investigation continues |
| **Average Wages Per Hour/Year:** | Investigation continues |
| **Job Site(s):** | |
| **City, State:** | Bluffton, and Cummings, SC |
| **Asbestos Products and/or Materials Used During Employment:** | <u>Note:</u>  Include Manufacturer/Trade Names: <br><br> Investigation continues <br><br> Pumps <br> Valves <br> Boilers <br> Gaskets – packing <br> Asbestos cement pipe <br> Block and pipe <br> Insulation |
| **Dates of Exposure:** | 1977-1988 |
| **Respirator/Mask:** | Please check one: _____ Yes <br> _____x_____ No |

| **Supervisor Information:** | **Supervisors' Names:** | **Job Titles:** |
|---|---|---|
| | | |

| **Co-worker Information:** | **Co-workers' Names:** | **Job Titles:** |
|---|---|---|
| | | |

STATE OF _South Carolina_
                                                    :        SS
_Hampton_ COUNTY :

**PERSONALLY APPEARED** before me, the Subscriber, a Notary Public for the State

and County aforesaid, _Paula S Cook_, Plaintiff in the within action, known by

me to be such, who did depose and state that the facts contained in Plaintiff's Answers to

Interrogatories are true and correct to the best of his/her knowledge, information and

belief.

X _Paula Cook_

**SWORN TO AND SUBSCRIBED** before me this _9th_ day of _February_,

200_9_.

_Starla S DeLoach_
Notary Public
My Commission Expires: 7-29-2014