IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANCER RESEARCH TECHNOLOGY LIMITED and SCHERING CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC., and BARR PHARMACEUTICALS, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 07-457<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of April, 2010, having reviewed defendants' motion for attorney fees and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 227) is denied without prejudice as follows:

**1. Background.** This action arises from an Abbreviated New Drug Application ("ANDA")[1] filed by Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. ("defendants") in 2007 for a generic version of the brain cancer drug Temodar® (temozolomide), a tetrazine derivative. Plaintiff Cancer Research Technology Limited ("CRT") is the assignee of U.S. Patent No. 5,260,291 ("the '291 patent") claiming tetrazine derivative compounds and methods of treating various cancers using tetrazine derivative compounds. Plaintiff Schering Corporation ("Schering") is the exclusive licensee of the

---

[1] No. 78-879.


'291 patent.[2] In response to defendants' ANDA, plaintiffs brought a patent infringement suit in this court pursuant to 35 U.S.C. § 271(e)(2)(A). Following a bench trial held between March 30, 2009 and April 2, 2009, the court found the '291 patent unenforceable due to prosecution laches and/or inequitable conduct. (D.I. 208) Plaintiffs have appealed the court's decisions. (D.I. 226) Presently before the court is defendants' motion for attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and 35 U.S.C. § 285. (D.I. 227)

    **2. Standard of Review.** Rule 54(d)(2)(A) states that "[a] claim for attorney's fees . . . must be made by motion." The rule provides that "**[u]nless a statute or court order provides otherwise**, the motion must . . . be filed no later than 14 days from judgment" and "specify the judgment and the statute . . . entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(i)-(ii) (emphasis added). The court, therefore, has discretion to alter the time frame for filing such motions, defer its ruling, or deny a motion without prejudice pending an appeal on the merits. *See* Fed. R. Civ. P. 54, Advisory Committee Note, 1993 Amendment, Paragraph (2), Subparagraph (B) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

    **3. Discussion.** Except for a succinct assertion that the case is exceptional under 35 U.S.C. § 285, defendants do not address the merits of their motion. Defendants explain that they filed the present motion simply to meet the fourteen-day

---

[2] CRT and Schering will be collectively referred to as "plaintiffs."

requirement of Rule 54(d)(2)(B)(i), and they ask the court to stay briefing and reserve its decision pending appeal. (D.I. 227 at 2) This, defendants argue, would allow them to know the full amount of their fees when they make the request. (*Id.*)

4. Rule 54(d)(2)(B) gives the court broad discretion to rule on this motion. Plaintiffs have been put on notice that defendants may seek attorney fees and of the approximate amount defendants may request[3] if the judgment in their favor withstands appeal.

5. **Conclusion.** For the reasons stated above, defendants' motion for attorney fees (D.I. 227) is denied without prejudice to renew.

                                                             */s/ Sue L. Robinson*
                                                United States District Judge

---

[3] *See* Fed. R. Civ. P. 54, Advisory Committee Note, 1993 Amendment, Paragraph (2), Subparagraph (B) ("The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. . . . What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate).").